TRUST COMPANY OF NEW JERSEY, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RICHARD DOHERTY, DEFENDANT-APPELLANT.

Argued May 21, 1936—Decided January 22, 1937.

For the appellant, *Raymond Chasan.*

For the respondent, *Perkins, Drewen & Nugent.*

The opinion of the court was delivered by

HETFIELD, J. This action was brought in the Supreme Court, Hudson Circuit, to recover rent for a period commencing May 1st, 1932, and ending May 1st, 1933. The trial court directed a verdict in favor of the plaintiff, and judg-

ment was entered accordingly. The parties had entered into a lease dated May 5th, 1931, and under the terms thereof, the defendant rented from the plaintiff an office in The Trust Company Building, Jersey City, for a period of eleven months commencing June 1st, 1931, at a total rental of $1,210, payable in equal monthly installments of $110 on the first day of each and every month. The defendant held over and remained in possession of the premises after the termination of the lease, admitted in his answer that he had so remained until the beginning of suit (June 24th, 1933) and that no rent had been paid after the expiration of the original term. The substance of the defense was he was liable only for "fair value" and not at the original rate.

The defendant testified to the effect that some time in the month of March, 1932, the renting agent of the plaintiff called at his office and presented a renewal lease for a period of one year from May 1st, 1932, at the same rental; that he refused to enter into a new contract, and told the agent he would not remain as a tenant at the old rental rate, and would vacate unless the amount was reduced, and that the agent then informed him he would report to the plaintiff accordingly. The defendant further stated that he returned the draft of the renewal lease to the renting agent about two weeks after it was submitted, and that he never had any discussion with or received any word from the plaintiff or its agent, with respect to rent reduction, but admits that he received a letter dated June 27th, 1933, from the plaintiff's attorney, which in substance requested payment of four months' rent, two of which were part of the hold-over term, and that he also received a bill from the plaintiff on August 1st, 1932, for $440, representing rent due for the first four months subsequent to the expiration of the original lease.

The main question involved is whether the facts as admitted by the defendant justified the trial court in finding as a court question that defendant was liable as a hold-over tenant at the original rental. We think they did.

There was a motion to nonsuit, put upon the ground that there was no proof of "any kind of a tenancy" for the period subsequent to May 1st, 1932; nor of any agreement between

the parties that such tenancy, if existent, was to be at the same rent. The denial of this motion is assigned for error. At the conclusion of the case, the court directed a verdict for the twelve months of actual occupancy covered by the complaint as amended; and this is also assigned for error. Four rulings on evidence are likewise assigned.

Much of the argument on this appeal is devoted to the question of the character of the tenancy after May 1st, 1932, when the term fixed by the written lease expired. We find it unnecessary to consider that question. The trial judge properly held that there was a hold-over tenancy with the consent of the landlord. Whether that tenancy was from year to year, or month to month, or a renewal of the original term, or at will, or even at sufferance, is beside the mark, as the suit is for rent for twelve months of actual occupancy; and the question is whether the rent continued at the rate fixed in the original lease. The rule, as stated in 16 *R. C. L. tit. "Landlord and Tenant,"* 1161, § 682, is as follows: "As a general rule the tenancy arising from the tenant's holding over with the consent of the landlord is presumed to be upon the same terms as the original lease, so far as they are applicable to the new tenancy. Thus, it is generally held that the terms of the original lease as regards the amount and time of payment of the rent apply," * * *. See, also, 36 *C. J.* 293, § 1060, and *Yeller* v. *King Confectionery Co.,* 66 *N. J. L.* 491, a suit over rent. We see nothing to take this case out of that general rule. There was no agreement between tenant and landlord for a different rent; and if the tenant was not satisfied to have that rent continue, his remedy was to vacate the premises instead of insisting on remaining therein on practically his own terms.

There was ample opportunity between the time of the defendant's alleged statement to the renting agent and the expiration of the old lease for the defendant to have vacated or conferred with some duly authorized agent of the plaintiff in reference to the rent reduction, which he failed to do, but elected to hold over, and in so doing must be regarded as having consented or proposed to continue as tenant at the same rent, and upon the conditions of the prior occupancy. We

find no merit in the contention of the defendant that the trial court erred in excluding evidence relating to certain dispossess proceedings instituted subsequent to the period covered by the judgment, as it was not material or relevant to the issue.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 10.

*For reversal*—None.