FIDELITY UNION TRUST COMPANY, PLAINTIFF-RESPONDENT, v. ALBERTO CANTILLO ET AL., DEFENDANTS-APPELLANTS.

Submitted May 31, 1940—Decided October 10, 1940.

For the defendants-appellants, *Bozza & Bozza.*

For the plaintiff-respondent, *Alfred C. Clapp.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Supreme Court entered after an order by Judge Caffrey, sitting as Supreme Court Commissioner, on a motion to strike an answer in a case in ejectment.

It appears that the Fidelity Union Trust Company, plaintiff, was the holder of a mortgage on property in Newark which mortgage was originally made to the Ironbound Trust Co. and then, on consolidation of that company with respondent, became the property of plaintiff-respondent. The plaintiff-respondent began foreclosure proceedings, making the defendants herein, who were occupants of the property, parties defendant, and also making two other persons, who were grantees of the property subject to the mortgage, parties defendant.

There was an answer in the foreclosure suit. There was also an action in ejectment begun by plaintiff-respondent to recover immediate possession of the property. Before any judgments were entered in either the equity or the law proceedings, the parties entered into an agreement by which the defendants, or some of them, agreed to pay certain sums of money periodically to the plaintiff to be applied by plaintiff to the payment of overdue taxes, interest, &c., and to meet the current requirements for interest and taxes. It was further agreed that upon the payment of the first installment, the answer filed by the defendants in the foreclosure proceeding was to be withdrawn and a decree *pro confesso* entered. No other proceedings were to be taken if the installments were paid as required. The ejectment suit then pending was discontinued. It appears that after the first payment of $250 as required by the agreement, no further payments were made.

The affidavits on behalf of the plaintiff on the motion to strike the answer filed by the defendants in the present ejectment proceeding indicate that there was no tender of any

installments after the first one of $250, but there was a tender of rent at $60 per month, which was rejected. On behalf of the defendants an affidavit of Thomas Cantillo is to the effect that after the first installment was paid and before the second was due he went to the office of the plaintiff corporation and saw a Mr. Erb and asked him how the first installment had been applied and requested to see the account of the application, and was bluntly told there would be no discovery of the application of the moneys. He said that he tendered the second installment on the day it was due and it was bluntly rejected with the statement that the agreement was terminated and plaintiff intended to go forward with the foreclosure proceeding.

Thereafter, the complainant in the foreclosure suit, the plaintiff below, proceeded to final decree in the foreclosure proceeding and execution was issued and a sale made and deed delivered by the sheriff of Essex county to the plaintiff herein. Thereupon the second ejectment suit, the one here involved, was started to recover possession of the premises. Answer was filed and the motion to strike that answer as sham or frivolous, or both, came on before Judge Caffrey, who suggested that the defendants' remedy probably was in the Court of Chancery and that he would continue the matter for two weeks to afford an opportunity to apply to that court to open the foreclosure decree and afford the defendants an opportunity to be heard on the questions of fact raised by them. Vice-Chancellor Stein declined to open the decree, whereupon Judge Caffrey held that the plaintiff in the ejectment proceeding, having title and being *prima facie* entitled to possession under a deed, the *bona fides* of the equity suit which resulted in a sale and transfer of title to sheriff's deed was not subject to collateral attack, and he struck the answer.

In this action he was right. Whatever rights the parties had were in the foreclosure proceeding. It was in that proceeding that the matter arose. It was in that proceeding that the rights of the parties were involved, either to have the mortgage foreclosed or, under the agreement, to have the foreclosure stayed, and if there was any fraud it had to do with the mortgage and the mortgage foreclosure proceeding. After

the plaintiff herein had a final decree and deed, as a matter of law the right of possession followed. It is argued that the agreement involves the right to possession and that, there being a fraud, which, however, was not alleged in the answer, the defendants were entitled to have that tried out in the suit involving the right of possession. But this is not so. The first ejectment proceeding was discontinued. The proceeding that was stayed by the agreement was the foreclosure, and if any fraud was perpetrated, it was in the continuance of the foreclosure proceeding which resulted in the transfer of title and consequent right of possession.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.