The transaction to which this suit relates was originated on November 25th, 1944, by a contract wherein the defendants agreed to convey to one Reuben Salkin, free of all liens, certain premises known as No. 232 South Fourth Avenue, Highland Park, Middlesex County, for the price of $6,600. It was thereafter ascertained that there were unsatisfied judgments of record against Samuel Lieberman, one of the four vendors. The sale was not consummated, and all copies of the agreement seem to have been destroyed. On January 15th, 1945, a lease was prepared in pursuance of which the defendants let the premises to Salkin for a period of 13 *Page 166 
months, beginning February 1st, 1945, and terminating on March 1st, 1946, at a monthly rental of $50.
Article 26th of the lease is here transcribed:
"26th: It is further agreed by and between the parties hereto that Reuben Salkin, the tenant herein, may have the option and privilege to purchase the said land and premises, being the same premises and property as recorded in Book 1246 of Deeds on page 127 etc. in the Middlesex County Clerk's Office of New Jersey, under the same terms and conditions as provided and as may apply at that time, in the contract of sale dated November 25th, 1944 between the parties hereto, said option to be exercised at anytime during the term of this lease and provided however only ifthe parties of the first part, Samuel Lieberman, Anny Lieberman,William Widlansky and Rose Widlansky are able to clear up andhave cancelled of record any judgments that at present are a lienon the premises or any other judgments that may appear of recordat the time of the election to purchase.
"The said contract of sale shall be considered terminated until such time as the above option is taken up and acted upon, or should the tenant elect not to exercise the option, or thejudgments cannot be cancelled of record or cleared up by thelandlords herein mentioned, then said contract is to beconsidered as cancelled and any monies paid as rental under saidlease shall be charged as rental for the said premises and not tobe returned.
"If said option is exercised by the tenant herein and the landlords herein are able to clear up said judgments and have them cancelled of record, then the said sum of Five hundred dollars and any further rental payments made by the tenant shall be considered as part of the purchase price of Sixty Six Hundred Dollars as per contract aforesaid and all adjustments as to taxes, water rents, interest on mortgage, payments on principal of mortgage and insurance premiums to be as of Feb. 1st, 1945 as well as any adjustments for allowances and credits for payments made by the parties of the first part subsequent to such date.
"Should the tenant decide or elect not to exercise the said option then the sums paid shall be considered as rental of the premises and all repairs, improvements, additions and painting to the premises and property shall be considered as remaining a part thereof and belonging to the landlords herein." (Italics mine.)
On February 8th, 1945, Salkin, the lessee, assigned his leasehold rights and estate in the premises as exhibited by the lease to the present complainant. One of the terms of the lease prohibited an assignment, but it is evident that the complainant entered into possession of the premises, and the defendants have regularly accepted from him the monthly payments of rent. It may be reasonably inferred, however, *Page 167 
from the account of the interview concerning the assignment of the lease that the predominant subject of dissertation between the parties appertained primarily to the privilege of the complainant-assignee to occupy the premises under the rental terms of the lease so assigned.
I have observed in these cases that the scarcity of homes and the existing difficulties of tenants to retain possession of their places of abode are sufficiently rife to project some consequential reflection upon the probable motives of those who are desperately in need of retaining a home and resort to every available artifice to spin out the period of their occupancy. Assuredly such has been the experience of the judges of this court in the conditions now prevailing.
It is the present insistence of the complainant that by virtue of his alleged exercise of the option he is entitled to a conveyance of the property.
There are two features of article 26 of the lease which engage particular notice. The one is that the option endures only during the term of the lease, and the other is the provisional clause "provided however only if the parties of the first part [lessors] are able to clear up and have canceled of record any judgments that at present are a lien on the premises or any other judgments that may appear of record at the time of the election to purchase."
An option to purchase contained in a written lease available only during the term of the lease cannot be exercised after the expiration of the lease by a tenant holding over, since it is not a provision incident to the relation of landlord and tenant, but is a collateral, independent contract. Andreula v. SlovakGymnastic, c., No. 223, 140 N.J. Eq. 171; 53 Atl. Rep. 2d191.
Accordingly a pivotal point for decision is whether the complainant in truth and fact exercised the option at any time during the term of his tenancy. In the light of all the evidential and relevant circumstances I am not persuaded that he did so. The complainant was aware that the lease would expire on March 1st, 1946, and he asserts that he visited the residence of Mr. Lieberman (one of the four lessors) on the evening of February 28th, 1946, and orally informed him *Page 168 
of his desire and ability to acquire the property pursuant to the option. The testimony of the complainant in that particular is denied by the defendant Lieberman. The additional facts are that at that time a judgment against Lieberman, the judgment most substantial of all in amount, remained unsatisfied of record. Since March 1st, 1946, the complainant has continued to occupy the premises as a monthly tenant and has paid an increased rental of $55 a month. Why?
On November 9th, 1946, eight months after the expiration of the written lease the complainant caused his attorney to address a communication to the defendants in which it is stated: "Mr. Simon Wolk, assignee of lease and agreement of sale between you and Reuben Salkin, is now ready to perform the agreement and take title pursuant to the understanding between you." (Emphasis mine.) It is said that at that point of time the statute of limitations had extinguished the enforceability of the judgment. It must, however, be recognized that the writing constituting the contract does not extend the durability of the option until after such a judgment shall have become passive. The acceptance of the option in accordance with its terms is essential. Time of performance is another matter. Moreover it is not evident that Lieberman possessed any authority orally to transform the rights or so materially amplify the obligations of the other lessors.
The complainant has continued to pay rent at the increased rate of $55 a month until he received on March 10th, 1947, a notice from the defendants to vacate the premises. The complainant did not file his bill in this cause until May 13th, 1947. I do not charge him with laches in the prosecution of this suit since he was in possession, but he was evidently in possession not as a purchaser but as a tenant currently paying rent voluntarily to the defendants.
Mindful of the language of the option and of the doubtful state of the evidence, I cannot with sound discretion award the relief desired by the complainant. Plummer v. Keppler, 26 N.J. Eq. 481.
Bill dismissed. *Page 169