KATHRYN T. SHEILD, PLAINTIFF-APPELLANT v. RAYMOND F. WELCH, EXECUTOR OF THE ESTATE OF L. F. WELCH, DEFENDANT-RESPONDENT.

Argued May 1, 1950—Decided May 22, 1950.

*Mr. Addison C. Ely* argued the cause for the appellant. *Messrs. Snevily & Ely,* attorneys.

*Mr. Lloyd G. Beatty* argued the cause for the respondent. *Messrs. Egner & Beatly,* attorneys.

The opinion of the court was delivered by

BURLING, J. This is an appeal by the plaintiff from a summary judgment entered by the Union County Court in favor of the defendant. The appeal was addressed to the Superior Court, Appellate Division, but has been certified here by this court on its own motion.

The plaintiff, a real estate broker, sought payment by the defendant of commissions allegedly due her as the result of a sale of certain real estate situated in the Town of Westfield, County of Union and State of New Jersey, owned by the estate of L. F. Welch and purchased by Joseph E. Waters and wife, who prior to the sale had been occupants of the premises so conveyed. The complaint did not allege that the claimed commissions were due as the result of the sale having been made by the plaintiff, but alleged that her right to a commission accrued under the provisions of a written lease agreement between the defendant and the tenant, Waters, in which the plaintiff was recognized as the broker negotiating the lease and the person to whom rental payments thereunder were to be made. The lease was executed on August 8, 1945, for a term of one year beginning September 1, 1945, and terminating September 1, 1946. The pertinent provisions of the lease upon which the action is predicated are as follows:

"And it is also understood and agreed that should there be a sale of the property herein mentioned between the parties hereto, or renewals or extensions of this lease by the parties within named, the same shall be considered as having been consummated by and through the agency of the above named broker as agent of said owner and with the hereto written authority of said owner, who hereby promises to pay the said agent in accordance with the existing established rates of the Board of Realtors of Westfield, New Jersey, such commission in the event of a sale or exchange to be due and payable when the price and terms are arranged betweeen buyer and seller and the contract of sale or contract of exchange signed, or in the event of renewals or extensions of this lease, commission to be due and payable when the minds of tenant and landlord meet as evidenced by written contract or possession of property retained by tenant."

The tenant, Waters, remained in possession of the premises after September 1, 1946, but continued to make monthly rental payments to the plaintiff.

On May 4, 1948, the defendant and the tenant entered into a written contract for the sale and purchase of the premises. Pursuant thereto, a deed of conveyance was executed by the defendant. Thereafter the plaintiff demanded the payment of a commission on the sale and upon the defendant's refusal to

pay the same instituted suit therefor. The defendant's answer denied that any commissions were due the plaintiff and pleaded several separate defenses including the "Expiration of the lease, and termination of sale terms." A motion by the plaintiff for summary judgment was denied on March 2, 1949. Subsequently, at a pretrial conference the trial judge directed the submission of memoranda of law with reference to the issues involved. This direction was complied with and on December 20, 1949, the county court entered summary judgment in favor of the defendant. The present appeal seeks a review of the judgment as entered.

 The first point raised by the plaintiff relates to the procedural propriety of the county court in entering summary judgment in favor of the defendant as a result of the pretrial conference in the absence of any notice by the defendant of a motion therefor. While this point was not set forth in or in any manner suggested by the statement of questions involved, in the plaintiff's brief, pursuant to the mandate of *Rule* 1:3–2(c) we have nevertheless given consideration to it. It is observed that summary judgment was not entered in favor of the defendant at the time argument was heard by the county court on the plaintiff's motion for summary judgment. At that time the court confined itself to a denial of the plaintiff's motion. *Cf. Seire v. Police and Fire Pension Commission of Orange,* 4 *N. J. Super.* 230 (*App. Div.* 1949); *Rules* 3:56–1 to 3:56–3. It is further observed that at the pretrial conference memoranda of law were directed to be submitted to the court; that such memoranda in which the parties stated their respective positions and their impressions of the applicable law were accordingly filed; that the memorandum filed by the defendant concluded with the following statement: "We respectfully submit that plaintiff is not entitled to a judgment, but that her action should be dismissed or a no cause entered."; and that thereafter the court entered summary judgment in favor of the defendant. Thus it appears that the opportunity to fully argue the substantive question was availed of by the respective parties. The court

concluded that the case resolved itself into a question of law and accordingly entered summary judgment for the defendant.

One of the purposes of a pretrial conference is to simplify and reduce the issues. *Rule* 3 :16. Inherent in this process is the right of the court to dispose of questions of law. Our *Rule* 3 :16, Pretrial Procedure, is substantially the same as the federal rule on this subject. F. R. 16. The federal rule has been construed to permit the court at a pretrial hearing to rule on the legal sufficiency of defenses, *American Machine & Metals, Inc., v. De Bothezat Impeller Co., Inc.,* 82 *F. Supp.* 556, 12 *Fed. Rules Serv.* 42b.22, *p.* 544 (*S. D. N. Y.* 1949) ; *Schram v. Kolowich,* 2 *F. R. D.* 343, 6 *Fed. Rules Serv.* 16.21, *p.* 244 (*E. D. Mich.* 1942), and to dismiss an action when the admitted facts and proofs show no cause of action, *Silvera v. Broadway Department Store, Inc.,* 35 *F. Supp.* 625 (*S. D. Cal.* 1940), or where the question involved is one of law. *Clay v. Callaway,* 177 *F.* 2d 741 (*C. A.* 5th, 1949). Where questions of law have been disposed of at a pretrial conference and no issue remains judgment must necessarily follow for one or the other party.

We agree with the county court, for reasons hereinafter stated, that the only question involved at the pretrial conference was one of law. Under such circumstances and in view of the fact that the substantive question was fully presented to the court by the respective parties we find no procedural impropriety in the court's entering of a summary judgment.

The substantive question involved is whether the obligation of the defendant to pay a commission to the plaintiff on a sale of the property expired when the lease terminated. We think it did.

It appears that there were three successive leases entered into by the parties. The first lease ran from July 1, 1943, to September 1, 1944; the second, from September 1, 1944, to September 1, 1945; and the third from September 1, 1945, to September 1, 1946.

The three leases were prepared by the plaintiff and

each contained the same provisions, hereinabove set forth, upon which the plaintiff's cause of action is predicated. In order for the plaintiff to maintain an action under a covenant contained in a lease for commissions arising out of a sale of the leased property, it is necessary that the sale shall occur within the period circumscribed by the provisions in the lease. *Comly v. First Camden National Bank, &c., Co.,* 22 *N. J. Misc.* 123 (*Sup. Ct.* 1944). The defendant urges that the provisions of the lease with respect to the payment of commissions on a sale limit the obligation to pay such commissions to a sale within the one-year period of the lease and that since no sale was made until almost two years after the expiration of the one-year period, no right to a commission accrued to the plaintiff thereunder. The plaintiff's construction of the lease is somewhat different. She contends that the provisions are such as to entitle her to a commission on the sale if the sale is made during the one-year period of the lease or during any extension or renewal thereof. Construing the pertinent provisions of the lease in a light most favorable to the plaintiff renders it necessary to determine whether the sale was effected during any renewal or extension of the lease. It is conceded that the lease had expired on September 1, 1946, and that the tenant remained in possession of the property thereafter. The tenant thus became a holdover tenant. A holdover tenant may be treated at the election of the landlord as a trespasser or a tenant. *Leonard v. Spicer Manufacturing Co.,* 103 *N. J. L.* 391 (*E. & A.* 1927) ; 51 *C. J. S., Landlord and Tenant,* § 73, *p.* 623 ; 32 *Am. Jur., Landlord and Tenant,* § 918, *p.* 778. The former rule in New Jersey, prior to August 4, 1941, the effective date of *R. S.* 46:8–10 (*L.* 1941, *c.* 317, *p.* 856, *par.* 1), that where a tenant in possession of lands under a lease for a term of years held over after the expiration of the term and the landlord elected to treat the holdover tenant not as a trespasser, the tenant thereby became a year to year tenant, *Shack v. Weissbard,* 130 *N. J. L.* 472 (*Sup. Ct.* 1943) ; affirmed, 131 *N. J. L.* 314 (*E. & A.* 1944) ; *Maier v. Champion,* 97 *N. J. L.* 493 (*E. & A.* 1922), has been

abrogated by the aforesaid statute. *R. S.* 46:8–10 (*L.* 1941, c. 317, *p.* 856, *par.* 1) provides that:

"Whenever a tenant whose original term of leasing shall be for a period of one month or longer shall hold over or remain in possession of the demised premises beyond the term of the letting, the tenancy created by or resulting from acceptance of rent by the landlord shall be a tenancy from month to month in the absence of any agreement to the contrary."

By virtue of the statute the holdover tenant became a tenant from month to month by operation of law, there being no agreement to the contrary alleged in the plaintiff's complaint. The retention of possession by the tenant did not evidence a meeting of the minds of the landlord and tenant within the provisions of the written lease that "in the event of renewals or extensions of this lease, commissions to be due and payable when the minds of the landlord and tenant meet as evidenced by written contract or possession of the property retained by tenant." The plaintiff's complaint contains no allegation that the continued occupancy resulted from any agreement between the parties to renew or extend the one-year lease and in the absence of any such allegation it necessarily follows as a matter of law that such continued occupancy resulted in a new tenancy "from month to month" which was *created* by operation of the statute and hence was not a renewal or extension of the one-year lease. In *Meyers v. Hoy,* 24 *N. J. Misc.* 264 (*Sup. Ct.* 1946), it was said (at *page 265*):

"* * * The premises in question were leased to Meyers for a period of one year expiring July 1st, 1943. The lease was extended for a term of one year to July 1st, 1944, and thereafter Meyers continued in possession and rent was accepted by Mrs. Hoy. This created a tenancy from month to month under the provisions of *R. S.* 46:8–10."

Since there was no renewal or extension of the written lease, then all of the terms thereof, including the sale commission provisions, expired with the termination of the lease. As was said in *Comly v. First Camden National Bank, etc., Co., supra,* "The contract contains a formula for the limitation of the period of plaintiff's agency and that specified period

definitely spent itself." The agreement in the lease for the payment of commissions was a collateral contract which expired with the lease. The situation is somewhat analogous to an option to purchase contained in a lease. Our courts have held that such an option is a collateral contract which expires with the lease and cannot be exercised by a holdover tenant. *Andreula v. Slovak Gymnastic Union Sokol Assembly,* 140 *N. J. Eq.* 171 (*E. & A.* 1947); *Wolk v. Widlansky,* 142 *N. J. Eq.* 165 (*Ch.* 1948); affirmed on opinion below, 1 *N. J.* 491 (1949).

The cases relied upon by the plaintiff are not apposite. *Bacharach v. Milnick,* 121 *N. J. L.* 401 (*Sup. Ct.* 1938), was decided prior to the passage of *R. S.* 46:8–10 (*L.* 1941, *c.* 317). In *Burl v. Brownstone Realty Co.,* 95 *N. J. L.* 457 (*E. & A.* 1921), the sale was effected during the period of a written renewal of the original lease which clearly provided for the payment of commissions on a sale during such renewal period.

The plaintiff contends that certain factual questions are involved which required determination by a jury, namely whether she was instrumental in making the sale and whether she had abandoned her rights under the lease contract. But these questions of fact became immaterial in view of the theory upon which the case was decided by the county court, with which we are in accord, because they relate to a time subsequent to the termination of the lease and no new commission agreement upon which her right to a commission on the sale of the property was alleged in the complaint or otherwise.

Our determination of the foregoing questions is dispositive of the appeal and it becomes unnecessary to consider the remaining question raised in the briefs. The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, OLIPHANT, WACHENFELD and BURLING—5.

*For reversal*—None.