15 N.J. Super. 266 (1951)
83 A.2d 344
ERNEST F. HEYMAN, PLAINTIFF-RESPONDENT,
v.
JACOB BISHOP, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 9, 1951.
Decided September 11, 1951.
*267 Before Judges COLIE, GRIMSHAW and HARTSHORNE.
Mr. Howard K. Stokes (Messrs. Wise & Wise, attorneys) argued the cause for appellant.
Mr. David Goldstein (Messrs. Goldstein & Novogrod, attorneys) argued the cause for respondent.
*268 The opinion of the court was delivered by COLIE, J.S.C.
The plaintiff, Ernest F. Heyman, instituted a suit in the Monmouth County District Court seeking a declaratory judgment. There is no dispute as to the following facts. The plaintiff is a tenant in Apartment No. 3 in an apartment house in Red Bank owned by the defendant. The last lease for Apartment No. 3 was for one year, commencing October 1, 1947 and expiring December 31, 1948, and contained a provision that "* * * nor shall the tenant keep or maintain in or about said premises or permit any other person to keep or maintain therein, any dog or other domestic or wild animals without the written consent of the landlord." Plaintiff's present status of Apartment No. 3 is as a hold-over tenant.
The plaintiff also was a tenant of Apartment No. 4 which is adjacent to and connected with Apartment No. 3. In Apartment No. 4 he maintained his medical office whereas Apartment No. 3 was his residence. Plaintiff is in possession of Apartment No. 4 under a written lease in which there is no prohibition against the keeping of a dog.
The court below adjudged "that the keeping and maintenance by the plaintiff tenant of a dog in Apartment No. 3 and No. 4 does not constitute a breach or violation of any existing covenant restricting the keeping and maintaining of a dog in said apartments." In arriving at this decision, the court below predicated its opinion upon the case of Sheild v. Welch, 4 N.J. 563 (1950), particularly that part thereof reading: "Since there was no renewal or extension of the written lease, then all of the terms thereof, including the sale commission provisions, expired with the termination of the lease." In the cited case, the plaintiff sought to recover of the defendant commissions, and predicated his right thereto upon the provisions of a written lease agreement between the defendant, Welch, and a tenant in the building. The court there was dealing with a collateral agreement and said, 4 N.J. at page 570: "The agreement in the lease for the payment of commissions was a collateral contract which expired with the *269 lease. The situation is somewhat analogous to an option to purchase contained in a lease. Our courts have held that such an option is a collateral contract which expires with the lease and cannot be exercised by a holdover tenant." Citing Wolk v. Widlansky, 142 N.J. Eq. 165 (Ch. 1948), affirmed 1 N.J. 491 (1949). The Sheild case dealt with a collateral agreement, i.e., for commissions upon a rental. In the instant case, the covenant prohibiting the keeping of animals was not a collateral agreement but rather a primary agreement and therefore it would appear to us that the excerpt from Sheild v. Welch, supra, which we have quoted above and upon which the court below predicated its decision, was dictum insofar as the opinion recites that all of the terms of the lease expired with its termination. It has been the settled rule in this State for many years that "* * * the tenancy arising from the tenant's holding over with the consent of the landlord is presumed to be upon the same terms as the original lease, so far as they are applicable to the new tenancy." Trust Co. of New Jersey v. Doherty, 117 N.J.L. 433 (E. & A. 1937). This rule is in line with the general rule throughout the country. See 32 Am. Jur. 798; 51 C.J.S. 738. The court below was of the opinion that R.S. 46:8-10 controlled the present case. It reads: "Whenever a tenant whose original term of leasing shall be for a period of one month or longer shall hold over or remain in possession of the demised premises beyond the term of the letting, the tenancy created by or resulting from acceptance of rent by the landlord shall be a tenancy from month to month in the absence of any agreement to the contrary." The effect of this statute, as we understand it, is to change the status of a tenant holding over under a written lease for one month or more to a tenancy from month to month in all cases.
Appellant also urges that the use of the words "in and about" as used in the lease for Apartment No. 3 extends the prohibition against keeping an animal to Apartment No. 4. With this we are not in agreement. Plaintiff had occupied Apartment No. 4 since 1942 under a lease which did not *270 prohibit the keeping of dogs. Nor was there an implied prohibition of dogs therein, since the parties stipulate that same was used for residential, as well as professional, purposes. Even when the lease for Apartment No. 3, first executed in 1945, prohibited the keeping of dogs, the lease for Apartment No. 4 continued to permit dogs, just as it had previously. The fair construction of the dog prohibition clause in the lease for Apartment No. 3 is, therefore, that dogs are not to be kept in Apartment No. 3, or in the premises "about" same, other than Apartment No. 4 where dogs, in accordance with the lease, had long been kept.
Holding as we do that the hold-over tenant is bound by the provision of the written lease as to Apartment No. 3 prohibiting the keeping of a dog therein, results in a reversal of the judgment under appeal so far as Apartment No. 3 is concerned, and an affirmance of the judgment below insofar as it holds that the keeping of the dog in Apartment No. 4 is not a breach or violation of any existing covenant.