**Samuel A. NEWMAN and Helen B. Newman, his wife, Plaintiffs,**

v.

**Stanley GRANGER, Collector of Internal Revenue, Defendant.**

**Civ. A. No. 9851.**

United States District Court
W. D. Pennsylvania.

May 17, 1956.

Leonard Shapiro, Pittsburgh, Pa., for plaintiff.

D. Malcolm Anderson, Jr., U. S. Atty., Pittsburgh, Pa., Charles K. Rice, Acting Asst. Atty. Gen., Richard M. Roberts, Atty., Dept. of Justice, Washington, D. C., for defendant.

MARSH, District Judge.

### Findings of Fact

This is an action to recover income taxes allegedly unlawfully assessed and collected under the Internal Revenue Code of 1939, as amended, 26 U.S.C.A.

At the pre-trial conference held pursuant to Rule 16, Fed.R.Civ.P., 28 U.S.C.A., it was agreed by the parties, and the Court so finds, as follows:

1. Plaintiffs, Samuel A. Newman and Helen B. Newman, are husband and wife.

2. The income taxes involved were paid to defendant who was then Collector of Internal Revenue for the 23rd District of Pennsylvania.

3. Samuel A. Newman was a Lieutenant Commander in the United States Naval Reserve. He was called into active service on or about February 16, 1941 and was thereafter assigned to the Island of Guam where he was captured by the Japanese on December 11, 1941 and removed to a prison camp in Japan. He was released in August of 1945.

4. The plaintiffs owned a dwelling house in Pittsburgh as tenants by the entireties; the furniture therein was owned by them in the same manner. This house was rented furnished during the years 1942, 1943 and 1944, and the gross rental income at the rate of $1,500 per year was received by Mrs. Newman.

5. When called into active service, Mr. Newman was an employee of the Gulf Oil Corporation in its Pittsburgh, Pennsylvania, office.

6. Mr. Newman's employer, Gulf Oil Corporation, pursuant to an arrangement with its employees in military service paid certain sums to Mrs. Newman during the years 1942, 1943 and 1944.

7. Such sums paid to Mrs. Newman by Gulf Oil Corporation represented Samuel A. Newman's compensation paid to his family.

8. Mr. Newman received his service pay, accumulated while he was a prisoner of war, in Washington, D. C., after his release in 1945.

9. The parties have agreed that the claim for refund of 1945 income taxes is barred by the statute of limitations.

10. Plaintiffs filed timely income tax returns for the calendar years 1942, 1943 and 1944.

11. Thereafter, plaintiffs filed timely claims for refund of income taxes for 1942, 1943 and 1944, asserting that the United States Navy service pay of Samuel A. Newman, attributable to the period of time during which he was a prisoner of war, is exempt from taxation under § 251(i) of the Internal Revenue Code of 1939, as amended.[1]

The court finds as an ultimate fact that:

12. Neither the compensation received from Gulf Oil Corporation nor the rental income received from the furnished Pittsburgh dwelling was income

---

1. Defendant's answer to plaintiffs' complaint denied that the claim for refund for 1942 was timely filed. The 1942 claim for refund was not introduced into evidence.

derived from a source within a possession of the United States.

The court finds from the exhibits admitted in evidence the following facts:

13. Reported on plaintiffs' income tax returns for the years 1942, 1943 and 1944 as gross income was the United States Navy service pay of Samuel A. Newman attributable to the period of time during which he was a prisoner of war in Japan, rental income derived from property in the United States held by plaintiffs as tenants by entireties, and compensation from the Gulf Oil Corporation.[2] (See Findings 4, 6 and 7, supra.)

14. The defendant rejected the claims for refund on the ground that taxpayer had not satisfied the requirements of § 251(a).

15. The United States Navy service pay of Samuel A. Newman attributable to a period of time during which he was a prisoner of war does not equal or exceed 80% of his gross income in any of the years involved, viz.: 1942, 1943 or 1944.[3]

3.

| Year | Sources of Reported Income | Income Reported | Approximate Percentage |
|------|----------------------------|-----------------|------------------------|
| 1942 | Gulf Oil Corporation compensation | $2741.97 | |
| | Rent (50% of gross) | 750.00 | |
| | Other salaries and wages (source undisclosed) | 981.95 | |
| | | 4473.92 — | 64% |
| | United States Navy service pay ($4050 less $1500 exclusion) | 2550.00 — | 36% |
| | Gross Income | 7023.92 | |
| 1943 | Gulf Oil Corporation compensation | 1933.92 | |
| | Rent (50% of gross) | 750.00 | |
| | | 2683.92 — | 50% |
| | United States Navy service pay ($4200 less $1500 exclusion) | 2700.00 — | 50% |
| | Gross Income | 5383.92 | |
| 1944 | Gulf Oil Corporation compensation | 1933.92 | |
| | Rent (50% of gross) | 750.00 | |
| | | 2683.92 — | 50% |
| | United States Navy service pay ($4200 less $1500 exclusion) | 2700.00 — | 50% |
| | Gross Income | 5383.92 | |

### Discussion

Since the parties at pre-trial conference agreed upon all necessary and relevant facts and exhibits, a decision on the merits may be entered without formal trial. McComb v. Trimmer, D.C. N.J.1949, 85 F.Supp. 565; see discussion in Sheild v. Welch, 1950, 4 N.J. 563, 73 A.2d 536.

Both parties submitted briefs, and an opportunity to orally argue the case was not accepted.

Plaintiff contends that his prisoner of war pay is exempt from taxation under § 251 of the Internal Revenue Code of 1939, as amended. The pertinent provisions of that section provide as follows:

"§ 251. *Income from sources within possessions of United States*

2. The plaintiffs also reported salaries and wages of $981.95 in 1942, the source of which is undisclosed.

"(a) *General rule.* In the case of citizens of the United States or domestic corporations, satisfying the following conditions, gross income means only gross income from sources *within the United States*—

"(1) If 80 per centum or more of the gross income of such citizen or domestic corporation (computed without the benefit of this section), for the three-year period immediately preceding the close of the taxable year (or for such part of such period immediately preceding the close of such taxable year as may be applicable) was derived from sources *within a possession of the United States*; and * * *

"(3) If, in case of such citizen, 50 per centum or more of his gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States either on his own account or as an employee or agent of another.

"(b) *Amounts received in United States.* Notwithstanding the provisions of subsection (a) there shall be included in gross income all amounts received by such citizens or corporations within the United States, whether derived from sources *within or without* the United States. * * *

"(i) *Prisoners of war and internees.* In the case of a citizen of the United States taken as a prisoner of war while serving within a possession of the United States as a member of the military or naval forces of the United States, * * *—

"(1) if such citizen was confined in any place not within a possession of the United States, such place of confinement shall, for the purposes of this section, be considered as *within a possession of the United States*; and

"(2) any compensation received within the United States by such citizen attributable to the period of time during which such citizen was a prisoner of war or interned by the enemy shall, *for the purpose of subsection (b)* be considered as compensation received *outside the United States.*" (Emphasis supplied.)

Perusal of the various subsections of § 251 readily discloses that only subsections (a) and (b) provide what should be excluded from and included in gross income. Subsections (c) through (i) [3] merely define some of the terms in (a) and (b) or provide for the application or limitation of other sections of the Code where a taxpayer excludes income under § 251.

Section 251(a) provides for the exclusion of income, under given conditions, *derived* from sources *within a possession* of the United States.

Section 251(b) provides that irrespective of the source derived, income *received in the United States* shall be included in gross income.

Congress, by the Act of August 1, 1947, amended § 251 by adding subsection (i) thereto. Section 251(i) did not expressly exclude from gross income prisoner of war pay. What it did was to enlarge the meaning of certain phrases in § 251(a) and (b) so as to allow prisoners of war the benefit thereof. Section 251(i) (1) enlarged the meaning of "within a possession of the United States" in subsection (a) so that irrespective of where a prisoner of war was confined, such place of confinement shall, for the purpose of § 251, be considered as *within a possession of the United States.*

Section 251(i) (2) in effect negated § 251(b) by providing that even though a prisoner of war *received his pay* (for the period during which he was confined)

---

3. Subsection (j) was added by Act of September 23, 1950, § 220, and is not applicable to this case.

*in the United States*, it shall be considered as compensation *received outside the United States*.

The necessary conclusion then is that no income is excluded under § 251 except that the conditions imposed by § 251(a) and (b) are satisfied. See Haussermann v. Burnet, 1933, 61 App.D.C. 347, 63 F. 2d 124.

■ Plaintiff has satisfied the condition imposed by § 251(b) because his service pay received in the United States is within the provisions of § 251(i) (2). And the defendant has admitted that the requirement of § 251(a) (3) has been met. But plaintiff has failed to satisfy the condition imposed by § 251(a) (1) in that 80% of his gross income was not derived from sources within a possession of the United States; in other words, his Navy pay which accrued each year that he was a prisoner in Japan (which for the purposes of § 251 is considered as a possession of the United States) was less than 80% of his total gross income. See footnote 3.

■ Plaintiffs do not contend that Mr. Newman's compensation paid by his employer and received by Mrs. Newman in the United States was derived from a source within a possession of the United States, and we think such an argument would be futile. This income is obviously from a source within the United States where the services pursuant to Mr. Newman's employment had been rendered and where it was probably expected similar services would be rendered in the future. See Ingram v. Bowers, D.C.S.D.N.Y.1931, 47 F.2d 925, affirmed 2d Cir., 1932, 57 F.2d 65.

In the skillful and persuasive briefs submitted in behalf of plaintiffs, their counsel earnestly contends that it was the intention of Congress that the naval compensation accruing while Mr. Newman was a prisoner should be completely exempt from income tax. He cites § 116(a) (1) and § 939 of the 1939 Code, as amended, in support of the alleged Congressional intention. Although we may agree with the sentiments he has

expressed, the short answer to his argument is that if Congress had intended to make a serviceman's compensation which accrued while he was a prisoner of war wholly tax exempt, it would have specifically so provided and would not have amended § 251 in the manner quoted above.

### Conclusions of Law

1. This court has jurisdiction of the parties and the subject matter.

2. Plaintiffs are not entitled to exclude any income under the provisions of § 251 of the Internal Revenue Code of 1939, as amended.

3. Judgment should be entered in favor of the defendant.