**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1776-17T2

MAIN STREET AT EDISON, LLC,

    Plaintiff-Respondent,

v.

RAFAEL MARTINEZ,

    Defendant-Appellant,

and

RITZA MARTINEZ and OSOCOA
MARTINEZ,

    Defendants.

_____

Submitted October 3, 2019 – Decided April 6, 2020

Before Judges Nugent and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. DC-10829-17.

Kenneth Rosellini, attorney for appellant.

Lombardi & Lombardi, PA, attorneys for respondent (Michael F. Lombardi, on the brief).

PER CURIAM

Following the entry of a foreclosure judgment and the sheriff's sale of defendant Rafael Martinez's former residence, he refused to vacate the premises. Plaintiff, Main Street at Edison, LLC (Main Street) filed a summary dispossess action in the Special Civil Part, and the court eventually entered a November 2, 2017 order for possession that led to defendant's eviction. Defendant appeals from the November 2, 2017 order. He argues the court erred by issuing the order because plaintiff had no standing to file the action in the Special Civil Part. He also argues service of process was deficient. We affirm.

This action has a lengthy history. Defendant purchased the Edison home in November 1996. In July 2008, First Horizon Home Loans, a Division of First Tennessee Bank, NA, filed a foreclosure complaint after defendant defaulted on a refinancing loan. Defendant did not answer the foreclosure complaint. Following entry of a final foreclosure judgment and the sheriff's sale of the home, defendant filed a motion to vacate, claiming he was never served with process. On appeal from the trial court's decision denying defendant's motion, we remanded the matter for an evidentiary hearing on the issue of service of process. First Horizon Home Loans v. Rafael Martinez, No. A-1646-12 (App. Div. Sep. 12, 2014) (slip op. at 11-13). In

September 2015, the trial court set aside the final foreclosure judgment and sheriff's sale.

A second foreclosure judgment was entered in March 2017, resulting in another sheriff's sale. Frank Zappia, owner of Main Street, was the high bidder. Main Street took title to the property in July 2017. Defendant, claiming he was never served with a writ of possession, continued to occupy the home after it was sold at the sheriff's sale. Thereafter, the parties each attempted to change the locks and even contacted the local police.

In August 2017, the month following the sheriff's sale, Main Street filed an order to show cause, seeking an order for possession. Defendant responded by moving to dismiss the complaint. In his motion, defendant alleged, as he does on appeal, that the Special Civil Part had no jurisdiction to hear the action, and there was improper service of process.

Following oral argument, the trial court denied defendant's dismissal motion and entered an order for possession. The court stayed the order for thirty days and instructed the parties that "[i]f the defendant(s) fail to vacate the premises on or before the date specified herein, the plaintiff may seek the issuance of a Writ of Possession from the Special Civil Part Clerk's Office no more than [thirty] days thereafter." Defendant has since been evicted. Defendant timely appealed.

3

Defendant does not dispute that as an entity "claiming the right of possession of real property in the possession of another, or claiming title to such real property," Main Street was "entitled to have [its] rights determined in an action in the Superior Court." N.J.S.A. 2A:35-1. Rather, defendant's first argument turns on his interpretation of Rule 6:1-2, which includes as matters cognizable in the Special Civil Part "[s]ummary actions for the possession of real property pursuant to N.J.S.A. 2A:35-1 et seq., where the defendant has no colorable claim of title or possession[.]" R. 6:1-2(a)(4).

Defendant contends he became a tenant at sufferance once title vested in Main Street, and as such, he had a "colorable claim" to possession until the court issued a writ of possession. He adds that in view of his alleged colorable claim to possession, Rule 6:1-2 was inapplicable, and therefore Main Street had no standing to bring an eviction action in the Special Civil Part because the Special Civil Part had no jurisdiction. According to defendant, Main Street was required to obtain an order for possession in the Chancery Division. We disagree with defendant's analysis.

Once Main Street obtained the deed following the foreclosure sale, "as a matter of law the right of possession followed." Fidelity Union Tr. Co. v. Cantillo, 125 N.J.L. 282, 284-85 (E. & A. 1940). Defendant had no right to remain in possession of the foreclosed property.

Defendant argues he became a tenant at sufferance when Main Street obtained the deed to the property. His characterization of his status is irrelevant. Even if he became a holdover tenant, Main Street was entitled to treat him as a tenant or a trespasser. See Sheild v. Welch, 4 N.J. 563, 568 (1950). The record establishes Main Street treated him as a trespasser, evidenced by Main Street's attempts to lock him out of the property. Defendant had no expectation of remaining in possession of the property.

Defendant argues he had a colorable claim of possession. We disagree. A colorable claim is "[a] plausible claim that may reasonably be asserted, given the facts presented and the current law." Black's Law Dictionary 312 (11th ed. 2019). Defendant had no plausible claim to continued possession of the foreclosed property. His argument that he had a colorable claim to possession of the property until a writ or order of possession was entered confuses a legal right to possession with the process required to evict one without a legal right of possession. Defendant had no colorable claim to possess the property to the exclusion of Main Street.

Defendant's second argument, that service of process was defective, is also devoid of merit. He cites the October 3, 2017 order to show cause, which required the complaint to be served several days before Main Street mailed it. The order to

show cause required defendant to be served "within [seven] days of the date hereof," and defendant claims he was not served until October 21, 2017.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Rosa v. Araujo, 260 N.J. Super. 458, 463 (App. Div. 1992) (quoting O'Connor v. Altus, 67 N.J. 106, 126 (1975)). Thus, not every defect in service of process renders a subsequent judgment void and unenforceable. Id. at 462. Rather, "[w]here due process has been afforded a litigant, technical violations of the rule concerning service of process do not defeat the court's jurisdiction." Id. at 463.

Here, the untimely service upon defendant was a technical violation. Notwithstanding this technical violation, defendant was aware of the proceedings, as he appeared and participated in them. His argument is thus without merit.

Moreover, the entire issue is moot, as Main Street argues. The foreclosure judgment is final. Defendant does not argue otherwise. No stay was issued pending this appeal. We consider an issue moot when "our decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011) (quoting

6

Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006));

see also Sudersan v. Royal, 386 N.J. Super. 246, 251 (App. Div. 2005) (noting in a landlord-tenant action, "[o]rdinarily, where a tenant no longer resides in the property, an appeal challenging the propriety of an eviction is moot").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1776-17T2