**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3476-18T3

MARIA DE MATOS,

      Plaintiff-Respondent,

v.

VINCENT M. FAZZARI,

      Defendant-Appellant.

_____

> Argued telephonically August 25, 2020 –
> Decided September 14, 2020
>
> Before Judges Geiger and Mitterhoff.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. LT-001228-19.
>
> Vincent M. Fazzari, appellant, argued the cause pro se.
>
> Frank D. Angelastro argued the cause for respondent.

PER CURIAM

    In this landlord-tenant matter, pro se defendant Vincent M. Fazzari appeals the trial court's February 28, 2019 order, issued after a bench trial, that

granted possession of a condominium unit to his landlord, plaintiff Maria De Matos.[1] On appeal, defendant argues that (1) the trial court erred in refusing to enforce a three-month notice provision in an expired written lease agreement; (2) the trial court erroneously held plaintiff was not bound by the terms of the expired lease; (3) the trial court erred in finding the rent increase was not unconscionable; (4) the trial court was mistaken in concluding there was statutory authority for his eviction; (5) the trial court erred in holding that there was compliance with the master deed restriction; (6) defendant was deprived of his rights as a post-conversion tenant; and (7) the trial court abused its discretion in denying his request to transfer the case to the Law Division. We reject defendant's arguments and affirm.

We discern the following facts from the record. Defendant has resided in his current condominium unit since 2002.[2] In 2002, his monthly rent was $775 or $800. The landlord gradually increased the rent, approximately $50 every three years, over the next decade. Pertinent to this appeal, in 2013, defendant

---

[1] Plaintiff's daughter Elena Koretsky testified on her behalf pursuant to a written power of attorney dated February 17, 2014.

[2] Defendant has resided at the property since 1975, albeit in a different unit under different ownership prior to 2002.

executed a one-year lease agreement with then-owners Mariola and Antonio De Matos,[3] with effective dates of August 1, 2013 through July 31, 2014. Pursuant to the lease agreement, defendant was to pay monthly rent of $925 for the duration of the lease. The monthly rent included a parking space, heat, and hot water. Contained within paragraph twenty-four of the lease agreement was a handwritten provision stating that, "[t]enant will be notified in writing [three] months prior to the end of the lease term of any changes to be made in the renewal lease."

Paragraph seventeen of the lease agreement states,

> Holdover by tenant. Should lessee remain in the demised premises with the consent of lessor after natural expiration of this lease, a new month-to-month tenancy shall be created between lessor and lessee which shall be subject to all the terms and conditions hereof but shall be terminated on the thirty days['] written notice by either lessor or lessee or the other party.

After the expiration of the lease on July 31, 2014, defendant did not execute a renewal lease. Defendant remained in possession of the property and therefore, under the plain terms of the lease, he became a holdover tenant on a

---

[3] Plaintiff Maria De Matos is Antonio De Matos's mother. Plaintiff purchased the property in or about 2018 from her son and former daughter-in-law.

A-3476-18T3

month-to-month basis. As a holdover tenant, defendant continued to pay the monthly rent of $925.

It is undisputed that defendant received a notice to quit and a notice of rent increase, dated November 1, 2018, which indicated that plaintiff intended "to increase your rent" and that the present lease was terminated "as of December 31, 2018." The notice to quit and the notice of rent increase also stated that defendant would be able to "rent [the property] after the date of termination for [$1200] per month." Under this proposal, plaintiff would allow defendant to pay $925 per month for November and December 2018, whereupon the rent would increase, if defendant chose to remain on the property, to $1200 per month. Defendant did not vacate the premises upon the termination date of December 31, 2018. Instead, defendant remained on the property and continued to pay $925 to plaintiff for rent, which plaintiff refused to accept.

Plaintiff filed an action in the Special Civil Part on January 25, 2019 seeking summary eviction based upon unpaid rent for January 2019 in the amount of $1200 as well as the rent for February 2019. Trial was held before Judge Vincent Militello on February 19, 2019.

The facts at trial were virtually undisputed. Defendant received the notice to quit and the notice of rent increase on or about November 1, 2018. Plaintiff's

4

daughter testified that defendant's monthly rent of $925 included a parking spot, heat, and hot water. Plaintiff's daughter also testified that plaintiff rented a similar unit in the same condominium complex, which was a "little smaller" than the unit defendant was renting, for $1300 per month. In addition, plaintiff's daughter testified that plaintiff rented another similar unit in a neighboring municipality for $1200 per month.

On February 28, 2019, the trial judge entered an oral decision, finding in favor of plaintiff, and entered a judgment of possession on that same day. In reaching his decision, the trial judge found that, at the conclusion of the lease term on July 31, 2014, the lease terminated, and defendant was thereafter a month-to-month tenant. The trial judge also found that the notice to quit and the notice of rent increase, dated November 1, 2018, provided "more than sufficient notice to [defendant]." Considering the testimony, the trial judge determined that "the rent increase of [$1200] [was] reasonable."[4]

This appeal ensued.

---

[4] Immediately after the entry of the judgment of possession, the judge advised defendant that he could cure the deficiency by bringing the rent current that same day, whereupon the matter would be dismissed. Defendant agreed, paid the demanded amount, and the case was dismissed, raising the question whether a live controversy existed from which to appeal. Given the procedural posture of the case, which has been fully briefed and argued without objection, we determine it the better course to address the matter on the merits.

5

On appeal, defendant presents the following arguments:

I. THE COURT ERRED IN REFUSING TO ENFORCE THE [THREE] MONTH PRIOR WRITTEN NOTICE PROVISION AND DETERMINING THERE WAS SUFFICIENT NOTICE AND THEREFOR[E] JURISDICTION EVEN IF IT APPLIED THE [THREE] MONTH NOTICE PROVISION.

II. EVEN IF A THERE WAS A NEW OWNER, PLAINTIFF WAS BOUND BY THE TERMS OF THE LEASE AND THE COURT ERRED IN HOLDING SHE WAS NOT BOUND BY THE TERMS OF THE LEASE.

III. THE COURT ERRED IN FINDING THE PROPOSED RENT INCREASE WAS REASONABLE AND IN RULING THAT TENANT HAD A SWEETHEART DEAL.

IV. THE COURT ERRED IN IGNORING, OR IN ITS CONSTRUCTION OF, N.J.S.A. 2A:18-61.3.

V. THE COURT ERRED IN HOLDING THERE HAD BEEN COMPLIANCE WITH THE MASTER DEED RESTRICTION AND FAILING TO REQUIRE THAT . . . PLAINTIFF MEET HER BURDEN OF PROOF THAT THE PROPOSED CHANGE OF THE LEASE TERM/FORM WAS REASONABLE.

VI. POST-CONVERSION TENANT.

VII. THE COURT ABUSED ITS DISCRETION IN DENYING TENANT'S REQUEST FOR A TRANSFER OF THE MATTER TO THE GENERAL CIVIL PART OF THE LAW DIVISION AND/OR

6

DENYING TENANT'S REQUEST THAT THE COURT TRANSFER THE MATTER SUA SPONTE.[5]

VIII. THE COURT IMPROPERLY EXCLUDED EVIDENCE.

We address these issues in turn.

We begin with the well-settled standard of review in an appeal from a bench trial. Namely, "[t]he scope of [our] review of a trial court's fact-finding function is limited." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411 (1998)). We review final determinations made by the trial court "premised on the testimony of witnesses and written evidence at a bench trial, in accordance with a deferential standard[.]" D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). The factual findings and legal conclusions of the trial judge are not disturbed "unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" In re Trust Created by Agreement Dated Dec. 20, 1961, 194 N.J. 276, 284 (2008) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474,

---

[5] We find it unnecessary to address this argument as it is without merit. The trial judge was well-equipped to handle the issues presented in this case. In addition, defendant never made a motion to transfer the case before trial despite being given the opportunity to do so. N.J.S.A. 2A:18-60.

484 (1974)). We owe no deference to a trial court's interpretation of the law and the legal consequences that flow from established facts. Maldonado, 216 N.J. at 182-83 (citing Manalapan Realty L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

At the outset, as did the trial judge, we reject defendant's position that he is not a holdover tenant. A "holdover tenant" is generally defined as "[s]omeone who remains in possession of real property after a previous tenancy . . . expires[.]" Black's Law Dictionary 1769 (11th ed. 2019); see also Newark Park Plaza Assocs., Ltd. v. City of Newark, 227 N.J. Super. 496, 499 (Law Div. 1987) ("It is well-settled law in New Jersey that when a tenant continues to occupy a premises after the termination of a lease, his status becomes that of a month-to-month holdover tenant."). Both by operation of law and under the plain terms of the lease, when no renewal lease was executed in 2014, defendant's tenancy converted to a holdover tenancy on a month-to-month basis. See N.J.S.A. 46:8-10.

As a holdover, defendant was entitled to only a month's notice to quit. See N.J.S.A. 2A:18-56(b). As the judge found, it was undisputed that defendant received the notice to quit and the notice of rent increase on or about November 1, 2018. The notice to quit and the notice of rent increase clearly indicated the

termination date was December 31, 2018, almost two months after such notice was provided.

Moreover, it is well-settled that "[t]o increase the rent of a month-to-month tenant, the landlord must serve a notice to quit terminating the old tenancy and another notice offering a new tenancy at an increased rent." Harry's Village, Inc. v. Egg Harbor Township, 89 N.J. 576, 583 (1982). "When a landlord gives a proper notice to quit and a notice of rent increase, a tenant, by holding over, creates a new tenancy at the increased rental." Ibid. (citing Stamboulos v. McKee, 134 N.J. Super. 567, 571 (App. Div. 1975)). In this case, the notice to quit and the notice of rent increase explicitly stated that defendant was able to "rent [the property] after the date of termination for [$1200] per month."

We reject defendant's argument that plaintiff was required to provide him with three months' notice of a rent increase pursuant to the terms of the long-expired written lease agreement of 2013. To the contrary, because there was no renewal or extension of the 2013 lease, the three-month notice provision did not survive the expiration of that lease. See Sheild v. Welch, 4 N.J. 563, 569 (1950) ("Since there was no renewal or extension of the written lease, then all of the terms thereof, including the sale commission provisions, expired with the termination of the lease.").

A-3476-18T3

Defendant's argument that plaintiff lacked statutory authority to seek his removal lacks merit.  N.J.S.A. 2A:18-61.1(f) establishes that a tenant may be removed if the tenant "has failed to pay rent after a valid notice to quit and notice of increase of said rent, provided the increase in rent is not unconscionable and complies with any and all other laws or municipal ordinances governing rent increases."

In that vein, we affirm the trial judge's conclusion that the rent increase from $925 to $1200, which included a parking space, hot water, and heat, was not unconscionable.  Testimony at trial established that plaintiff owns two similar units, one in the same condominium complex in Harrison, which is slightly smaller than defendant's, which plaintiff rents for $1300, and one in a neighboring municipality, which she rents for $1200.  That there had been only minimal increases in defendant's rent between 2002 and 2013, and no increase in rent for five years, was also an appropriate factor for the judge to consider in supporting his conclusion that the modest rent increase was reasonable.  See Fromet Properties, Inc. v. Buel, 294 N.J. Super. 601, 615 (App. Div. 1996) ("although the increase in rent here was 28%, this fact is mitigated by the absence of any rent increase during the prior three-year period.").

Defendant's argument that he was afforded protection under the master deed is entirely without merit.[6]  Defendant has been a tenant in the same unit since 2002.  The written lease agreements executed between the parties were for one-year terms.  Even after the expiration of the written lease agreement, defendant remained in the same unit for more than five years.  We agree with the trial judge that the master deed restriction does not apply under these circumstances and, even if it did, plaintiff complied with the deed because no lease was executed for less than six months.

We also disagree with defendant's contention that he was a post-conversion tenant and, thus, entitled to the special notice required under N.J.S.A. 2A:18-61.9.  The post-conversion statute, N.J.S.A. 2A:18-61.1(l)(1), simply does not apply because there was no allegation or evidence that plaintiff was seeking to "personally occupy" the unit.  In fact, plaintiff offered defendant a new lease.  Consequently, defendant was not entitled to, nor was he deprived of, "the minimal rights of a post-conversion tenant[.]"  Veltri v. Norwood, 195 N.J. Super. 406, 409 (App. Div. 1984).

---

[6] The master deed reads in pertinent part as follows: "[n]o unit shall be rented by the owners hereof for transient or hotel purposes, which shall be defined as rental for any period of less than six . . . months."

To the extent that we have not addressed defendant's remaining arguments, we conclude that they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3476-18T3