## CLAY v. CALLAWAY.
### No. 12508.

United States Court of Appeals
Fifth Circuit.
Dec. 29, 1949.

For former opinion see 177 F.2d 741.

Thomas W. Johnson, Macon, Ga., W. A. Bootle, Macon, Ga., for appellant.

A. R. Lawton, Jr., Savannah, Ga., for appellee.

Before HUTCHESON, HOLMES and SIBLEY, Circuit Judges.

PER CURIAM.

The motion for rehearing contends that we should leave open for trial the question of the power of the court to decree restoration of Clay to his job if found to have been wrongfully discharged, and that he should have the right to amend and set up in its entirety the collective agreement which is a part of his contract of employment in order to show its full terms, and that there was in fact mutuality of obligation under it. By reversing the dismissal of the petition we have left it pending for trial. Under our decision in Illinois Central R. Co. v. Moore, 112 F.2d 959, if the discharge was wrongful, damages may be recovered. This ruling was affirmed and enforced by the Supreme Court, Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, though a ruling as to limitation was reversed. Whether restoration to the job with seniority and the resulting discharge of another who now fills it can be decreed as a sort of specific performance, without hearing that other, seems not to have been authoritatively decided. We know of no statute so providing, and the answer seems to depend on general equitable principles. The full facts here do not appear, and the matter has not been fully argued. We think justice will best be served by postponing decision of the question till the facts are settled, including the fact of wrongful discharge. We therefore set aside also the pretrial decision that no such relief is possible as being likewise premature under the circumstances. A rehearing is denied.