8 N.J. Super. 557 (1950)
73 A.2d 751
ANTONIO PISCITELLI, PLAINTIFF,
v.
PENNSYLVANIA-READING SEASHORE LINES, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Submitted May 24, 1950.
Determined June 2, 1950.
*558 Mr. Edward V. Martino, for the plaintiff.
Messrs. Richards, Capehart, Smith & Wood, for whom appeared Mr. Blaine E. Capehart, for the defendant.
ROGERS, J.S.C.
Plaintiff sues to compel defendant to reinstate him to his former position in defendant's employ and to restore the seniority, pension, and retirement rights which he alleges are secured to him under a collective bargaining agreement between the defendant company and his union, the Pennsylvania Federation of the Brotherhood of Maintenance of Way Employees. The issues as settled at pretrial conference call for trial on the merits of the legality of defendant's discharge of plaintiff from its employ.
The defendant's answer asserts, among other defenses, want of jurisdiction of this court to adjudicate the issues,  that exclusive jurisdiction thereof resides in the National Railway Adjustment Board. At pretrial conference it was proposed that counsel should submit briefs on the jurisdictional question and that the court should determine that issue before the trial of the merits. These conclusions are filed pursuant thereto.
Plaintiff relies upon the decision of the United States Supreme Court in Moore v. Illinois Central R.R. Co., 312 U.S. 630, 85 Law Ed. 1089 (1941). In that case petitioner brought suit for damages for wrongful discharge by his employer. It was there argued by defendant that the suit was premature *559 because of petitioner's failure to exhaust the administrative remedies granted him by the Railway Labor Act. In that opinion it is stated (p. 636): "The District Court and the Circuit Court of Appeals properly decided that petitioner was not required by the Railway Labor Act to seek adjustment of his controversy with the railroad as a prerequisite to suit for wrongful discharge."
More recently, however (April 10, 1950), the same court construed the Railway Labor Act as conferring exclusive jurisdiction upon the National Railway Adjustment Board in all disputes between carriers and their employees growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, working conditions, etc. Slocum v. Delaware, Lackawanna & Western R.R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. ___, and Order of Railway Conductors of America v. Southern Railway Company, 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. ___. The opinion in the Slocum case distinguishes between a suit in which the employee accepts his discharge as final and seeks damages for breach of contract as in the Moore case and, as in the Slocum case, a suit in which the employee refuses to recognize the discharge as valid and seeks reinstatement. In the former situation the employee may pursue his common law remedies in the state courts; but where the suit seeks as in this instance to maintain the employee's status in the employ of a party to a collective bargaining agreement made pursuant to the Railway Labor Act, the employee's grievance must be presented to the agency provided by the Act.
In cases involving questions of this character, the courts of this State will conform their decisions to those of the United States Supreme Court. Rich v. Jones, 142 N.J. Eq. 215 (Ch. 1948).
The want of inherent jurisdiction in equity over the relationship of master and servant is further demonstrated in Coyle v. Erie Railroad Co., 1 N.J. 350 (1949), a suit by an employee for reinstatement, where (at page 355) the court observed: "The learned Vice-Chancellor was clearly right in *560 setting aside the discharge of the complainants and in ordering their reinstatement, but only pending a proper investigation pursuant to the terms of the Brotherhood contract.
"The court below, however, proceeded, as in the Schlenk case [Schlenk v. Lehigh Valley Railroad Company, 1 N.J. 131] to a hearing on the merits of the discharges. That was a matter beyond the competence of the former Court of Chancery."
The rule in the Slocum case, supra, compels dismissal of the complaint.