## NEWMAN v. BALTIMORE & O. R. CO.
### No. 10367.

United States Court of Appeals
Third Circuit.

Argued June 8, 1951.

Decided July 20, 1951.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Marvin D. Power, Pittsburgh, Pa. (Margiotti & Casey, Pittsburgh, Pa., F. E. Baukhages, Baltimore, Md., on the brief), for appellee.

Before GOODRICH and KALODNER, Circuit Judges, and MARSH, District Judge.

KALODNER, Circuit Judge.

This is an appeal from a judgment of the District Court entered upon a jury verdict against the plaintiff, his motions for judgment or a new trial having been denied. The questions raised are whether the District Court had jurisdiction over the plaintiff's claim,[1] whether the District Judge should have directed the issue of liability in favor of the plaintiff, whether in the course of the trial the plaintiff was prejudiced by remarks of the District Judge, and whether the District Judge erred in his instructions to the jury.

The plaintiff commenced this action originally to recover damages for wrongful discharge, but amended his complaint to ask, in addition,[2] for reinstatement to his former position with the seniority, status and pay he would be entitled to if he had not been discharged. There was no dispute that the plaintiff was employed by the defendant railroad company as a fireman, nor that he was discharged upon his failure to pass an examination testing his knowledge of particular subjects of work. There was no dispute, also, that the plaintiff's tenure was governed by a collective-bargaining agreement between the defendant and the union to which the plaintiff belonged. The plaintiff contended that pursuant to this collective-bargaining agreement he was entitled to thirty days' notice

of the giving of the examination, and that he did not receive such a notice; therefore, his discharge for failing the examination was in violation of the agreement even though in fact he had received some notice. The defendant contended that the agreement did not require thirty days' notice for the kind of examination given the plaintiff. The District Judge ruled, in his instructions to the jury, that if the examination was within Rule 22(a)[3] of the agreement, no specific number of days' notice need have been given, but if the examination came within Rule 22(c),[4] thirty days' notice was necessary. At the trial, there was a sharp dispute as to the kind of examination the plaintiff had taken.

■ In urging lack of jurisdiction, the defendant relies upon Slocum v. Delaware, L. & W. R. Co., 1950, 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795, for the proposition that the matter in controversy is within the primary exclusive jurisdiction of the National Railroad Adjustment Board.[5] However, the Supreme Court in that case, 339 U.S. at pages 244-245, 70 S.Ct. 577, 94 L.Ed. 795, carefully distinguished Moore v. Illinois Central R. Co., 1941, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, and held the cases not in conflict. Accordingly, upon the express authority of the Moore case, the plaintiff is entitled to maintain an action for damages[6] for breach of contract,

1. This issue is raised by the defendant, but by its nature it obviously demands the consideration of this Court.

2. The complaint did not ask, as it should have, for damages for wrongful discharge, thus accepting the discharge as final, or, alternatively, for back pay and reinstatement, thus rejecting the discharge.

3. "A fireman who has accumulated one year's actual service will immediately be given the first year progressive examination; should he fail to pass this examination or decline to take same he will be dropped from the service. When he has accumulated two years actual service, he will be immediately given the second year progressive examination; should he fail to pass this examination, or decline to take same, he will be dropped from the service."

4. "Firemen who are eligible for their first examination for qualification as engineer

will be given not less than thirty (30) days' notice of date of examination. Each fireman shall be notified by individual letter, copy to be sent to local chairman. Firemen to be examined will acknowledge receipt of letter within ten (10) days, sending copy of acknowledgment to local chairman."

Subsection (d) of Rule 22 further provided, in effect, that a fireman qualifying for engineer was entitled to three opportunities to pass the examination, and the fireman could not be fired for his first or second failure. The trial judge so instructed the jury in this case.

5. See the provisions of the Railway Labor Act, § 3, 44 Stat. 578, as amended June 21, 1934, § 3, 48 Stat. 1189, 45 U.S.C.A. § 153.

6. Beeler v. Chicago, R. I. & P. Ry. Co., 10 Cir., 1948, 169 F.2d 557, 559, certiorari denied 335 U.S. 903, 69 S.Ct. 407, 93 L.Ed. 437; Kordewick v. Indiana Har-

i.e., wrongful discharge, even though there was available to him the statutory procedure for the settlement of his grievance by the Adjustment Board, and even though a court may be required, in the action, to construe the collective-bargaining agreement. The distinction drawn in the Slocum case is that in the action for breach of contract the future relations between the railroad and its other employees remain unaffected, and the construction placed upon the agreement by the court has no binding effect upon future interpretations by the Adjustment Board. Whether a decree of reinstatement would qualify for restriction of the court's power under the Slocum case, we need not now inquire.[7]

The plaintiff manifestly is not entitled to both damages for wrongful discharge, which would include damages in futuro, and an order of reinstatement, and since it is clear the District Court has the power to decree the former, we can see no objection to its having entertained the case. It is enough that the plaintiff alleged a cause of action within the Court's jurisdiction and sought relief the Court is competent to give; the Court is not necessarily deprived of jurisdiction merely because the plaintiff also requested other equitable relief which it could not or should not grant. Cf. Waterman v. Canal-Louisiana Bank & T. Co., 1909, 215 U.S. 33, 45, 30 S.Ct. 10, 54 L.Ed. 80. We think it clear upon the record that the instant case was treated, and the jury instructed, as though the only relief requested were damages for wrongful discharge. The plaintiff did not then complain, nor does he do so now; therefore, it may be said that he has made his election to treat his discharge as final. We conclude that the District Court had jurisdiction in the premises.

The plaintiff contends that the District Judge should have directed the issue of liability in his favor, and submitted to the jury only the problem of damages. His contention is based upon the defendant's answer to one of his interrogatories,[8] which the plaintiff maintains amounts to an admission that the examination given was one requiring thirty days' notice. We think a reading of the interrogatory and the answer does not warrant the conclusive reliance of the plaintiff. The answer clearly indicates that the thirty days' notice applied to the examination of a fireman for qualification as an engineer. The issue of fact remained, whether that was the kind of examination the plaintiff was given.

The plaintiff further contends that there was prejudicial error in the instruction given by the trial judge on the question of notice under Rule 22(a) of the contract. He says that the trial judge instructed the jury that no notice was required, "or if reasonable notice were given, the plaintiff was not entitled to thirty days'" notice. We agree with the construction of Rule 22(a) by the trial judge, that no specific notice was required. The plaintiff, however, objected to the instruction, at the time it was given, on the ground that the question of reasonableness was for the jury; on this appeal, he adds that the instruction was confusing and contradictory. However, the plaintiff at all times contended that he was entitled to thirty days' notice of his examination. The issue of reasonableness was interpolated by

bor Belt R. Co., 7 Cir., 1946, 157 F.2d 753, certiorari denied 329 U.S. 806, 67 S.Ct. 502, 91 L.Ed. 688; Union Pac. R. Co. v. Olive, 9 Cir., 1946, 156 F.2d 737; Steadman v. Atlantic Coast Line R. Co., 4 Cir., 1943, 138 F.2d 691.

7. See Clay v. Callaway, 5 Cir., 1949, 178 F.2d 758. In Beeler v. Chicago, R. I. & P. Ry. Co., supra, note 6, the issue was not discussed. However, some courts have refused such relief, and in the early stages of pleading, have required the plaintiff to make his election. See Kendall v. Pennsylvania R. Co., D.C.E.D. Ohio, 1950, 94 F.Supp. 875; Van Zandt

v. Railway Express Agency, Inc., D.C. S.D.N.Y. 1950, 99 F.Supp. 520; Haggquist v. Hudson & Manhattan Railroad, Sup.1950, 106 N.Y.S.2d 1002; Piscitelli v. Pennsylvania-Reading Seashore Lines, 1950, 8 N.J.Super. 557, 73 A.2d 751.

8. Interrogatory: "19. Recite in detail or set forth in your answer to this interrogatory the provisions of the Collective Bargaining Contract relating to the requirement that firemen are entitled to receive 30 days notice of examination for machinery and air."

In answer, the defendant repeated Rule 22(c), supra, note 4.

the trial judge since it was not requested by either party and, until the charge to the jury, did not appear to be an issue in the case. Nor did the trial judge's instruction limit the issue of reasonableness to thirty days at the maximum. What he said, contrary to the plaintiff's statement, was that "if reasonable notice was given it would not have to be any particular length of time." He then pointed out to the jury the evidence that the plaintiff had in fact received notice, albeit less than the thirty days which the plaintiff contended it should have been, and went on to say that reasonable notice did not have to be the thirty days. Insofar as the trial judge injected the issue of reasonableness into the case, we think his instruction was not erroneous as given, and that as a whole the instruction operated for the benefit, rather than to the detriment, of the plaintiff.

Finally, we do not think the remaining contentions of the plaintiff merit lengthy exposition. We have reviewed them carefully and find, first, that the comments of the trial judge were within his discretionary authority to control the trial of the case, and second, that his submission of the evidence to the jury, particularly the statement that it could take into consideration the reasons given by the plaintiff for his failure in the examination, was fair, and in the context, relevant.

For the reasons stated, the judgment of the District Court will be affirmed.