367 P.2d 539

Virgil **BUFFINGTON**, Plaintiff-Appellant,

v.

**CONTINENTAL CASUALTY COMPANY**, Defendant-Appellee.

No. 6844.

Supreme Court of New Mexico.

Dec. 29, 1961.

Heidel & Swarthout, Lovington, for appellant.

Neal & Neal, Hobbs, for appellee.

CHAVEZ, Justice.

This is an appeal from a summary judgment against a workmen's compensation claimant, dismissing his claim against one of two insurers, the Continental Casualty Company, as set forth in the first count of his amended complaint, filed November 18, 1959.

Appellant's amended complaint under count 1 alleged that in the course of his employment he suffered an accidental injury on or about November 15, 1957, while lifting a heavy wooden beam, but continued to work for his employer, doing the same work and receiving his regular wages averaging $132.50 per week, until July 22, 1959, when he became disabled by reason of the injury of November 15, 1957, which then became apparent and compensable, and which was diagnosed on July 23, 1959, as a ruptured intervertebral disc.

In the second count, appellant's claim against appellee, Traders & General Insurance Company, alleged that in the course of his employment with appellee, Will Noack, and being subject to the physical condition mentioned in count 1, to-wit, the ruptured intervertebral disc, the stress and strain of his work of laying floor tile aggravated said existing condition, and as a natural and direct result, appellant became disabled on July 22, 1959.

In both counts, appellant alleged that appellees had actual knowledge and notice of the accident and the compensable injury, and alleged further that appellee, Continental Casualty Company, was the insurance carrier for the employer from prior to November 15, 1957, to August 15, 1958, and that from August 15, 1958, to the date of the amended complaint, the insurance carrier was Traders & General Insurance Company.

On October 29, 1959, appellant filed his jury demand.

On November 23, 1959, appellees Noack and Continental Casualty Company, filed a separate answer denying generally the material allegations of the amended complaint, but admitted the employment, salary, insurance coverage, and failure to pay compensation. They also affirmatively alleged that they had no notice or knowledge of an accidental injury and further, since appellant had failed to file his claim within the period provided by law, that the action was barred.

A separate answer was also filed by appellees, Noack and Traders & General Insurance Company, but Traders & General Insurance Company, not being an appellee herein, the substance thereof is not material to this appeal.

Our attention is directed to the fact that between the date of the first accident, November 15, 1957, and the date of the second accident, July 22, 1959, a new Workmen's Compensation Act was adopted. Laws 1959, Ch. 67.

On April 21, 1960, the deposition of appellant taken on March 14, 1960, was filed.

A pretrial conference was held and on May 2, 1960, the trial court entered an order reciting that at the pretrial conference no admissions or stipulations were obtained by counsel, but that the trial court, after considering appellant's deposition, concluded from said deposition:

"1. That no action can be maintained because of the alleged injury of November, 1957, because of lack of knowledge and failure to give notice within the time provided by law; that the alleged injury of November, 1957, was not latent, but was apparent to claimant at all times. That the claim as to this alleged injury of November, 1957, should be dismissed as to defendant, Continental Casualty Company, and the matter removed from the jury docket.

"2. That this cause is at issue as to the second alleged injury of July, 1959, there being disputed questions of fact, not resolved by the deposition, as to notice of injury and awareness of the extent of the disability resulting from the first alleged injury."

The trial court ordered that the case be dismissed with prejudice as to appellee, Continental Casualty Company, to which appellant excepted.

Appellant relies upon three points for reversal:

I. In dismissing plaintiff's complaint as to defendant, Continental Casualty Company, after the pretrial conference, the trial court determined certain factual issues and thus committed error by exceeding the scope of the pretrial conference.

II. Plaintiff's deposition, on which the trial court's order was based, does not ad-

mit nor show that the defendant-employer, Noack, did not have actual knowledge of the occurrence of the injury of November, 1957.

III. That if written notice was required, the time for same did not begin to run until the plaintiff was chargeable with notice that he had sustained a compensable injury, and the deposition shows written notice was given within such required time.

Appellees set up the following counterpoint to sustain the judgment:

The court's action in entering judgment for the defendants, Noack and Continental Casualty Company, on the first cause of action as the result of the pretrial hearing was proper, as under the statements and admissions of plaintiff the action could not be maintained because filed more than one year after the failure or refusal to pay compensation.

An examination of appellant's deposition taken March 14, 1960, discloses the following: On the morning of the 1957 accident, finally fixed as November 6, 1957, appellant, a carpenter, age 31, and another carpenter, Ted Townsend, were carrying a heavy beam, intended to be used as a window header, consisting of double two-by-twelves, spiked together and approximately sixteen feet long. As they bent over to lay it down, appellant felt "like he had pulled something, something had jerked, or something snapped in his lower back." Also

present was the employer's son, J. C. Noack, who, according to the deposition, had no supervisory authority. The employer, Will Noack, was absent the day of the accident, but appellant informed him of it the next day. The deposition does not indicate the nature and extent of this notice except that it was verbal. Appellant took that afternoon off, was examined by Dr. Pitts, who took no X-rays, gave appellant a heat and vibrator treatment, and informed him that he supposed it was a pulled muscle. Appellant went to work the next day and, according to his testimony, missed no time because of the accident until the tile-laying incident in July, 1959.

Appellant had been a carpenter for about twenty years and, until the date of the accident, had suffered no trouble with his back. From that time on the pain would come and go, but it never prevented him from working, although he would have to favor his back and use a heating pad about once every two weeks. Once in awhile, he would complain to Mr. Noack that he was stiff or that his back hurt and Mr. Noack would assure him that he had insurance and that he could see a doctor whenever he was ready to do so. At no time did appellant demand compensation prior to the 1959 incident. Appellant indicated that he had no idea of the seriousness of the injury, assuming that his stiffness was caused by the fact that "in the carpenter trade, you are continuously lifting or something of that

sort." It was not until some time early in 1959, probably March, that he went to see Dr. Bindel, when he thought he had pulled a muscle. Dr. Bindel took no X-rays, diagnosed it as a pulled muscle, and treated it with heat, suggesting that appellant lay off that day. However, he slept on the heating pad that night, felt better the next morning and went back to work, continuing to work, but stopping by for treatments every few weeks in the late afternoon until some time in May. He then went on vacation for two weeks, during which period he was not bothered by his back.

Two weeks later, on or about July 22, 1959, he started to lay tile in the kitchen of a new house which they were building. He did not remember whether he had laid tile during the period November, 1957, to July, 1959. On July 22, 1959, the day of the accident, he carried some boxes of tile into the kitchen from the garage. The boxes weighed about 45 to 50 pounds each. As the day went on, his back hurt more and more, and at the end of the day he could not straighten up. However, because the house was to be inspected the next day for financing, he went back and finished up the next morning, although he was in great pain.

He was then taken to the hospital in Hobbs, since they could not obtain a doctor in Lovington where the accident occurred. At Hobbs they saw Dr. Fenner and appellant was admitted to a hospital, at which time the first X-rays were taken. Dr. Fenner referred appellant to another doctor in Albuquerque, Dr. Leroy Miller. Both doctors recommended that appellant undergo a milogram test, and perhaps an operation, if the results from the milogram so indicated. Appellant was incapacitated for about two months and incurred medical and hospital expenses which he believed his employer would pay. He now suffers pain, not only in his back but in his neck. He wears a brace, is unable to do anything but light carpentry work, and is actually being carried by his employer. The pain he suffered in July, 1959, was unlike any pain suffered earlier, being much more severe. He has missed at least twelve days (up to the time of the deposition) since getting out of the hospital, in addition to the period of about two months when he was totally incapacitated.

Under point I, appellant contends that the trial court committed error by deciding material issues of fact at the pretrial conference. Appellant points out that the court was acting *sua sponte* on the basis of the deposition alone, without notice to appellant and without affording him an opportunity to present additional affidavits or argue the motion on its merits. Rules 12 and 56, New Mexico Rules of Civil Procedure. Timely exception was taken to the pretrial order granting appellee summary judgment as to count 1 of appellant's complaint.

■ It is well settled that a trial court cannot decide disputed issues of material fact at a pretrial conference or upon a motion for summary judgment, but must leave their decision to the fact trier, in this case to the jury, since timely jury demand had been filed and since appellant was entitled, insofar as the 1957 accident is concerned, to the benefits of a jury trial. Sooner Pipe & Supply Corp v. Doerrie, 69 N.M. 78, 364 P.2d 138; Benson v. Export Equipment Corp., 49 N.M. 356, 359, 360, 164 P.2d 380, 382; Kasco Mills, Inc. v. Ferebee, 197 Va. 589, 592, 593, 90 S.E.2d 866; Lynn v. Smith, (3 CCA 1960), 281 F.2d 501; Lynch v. Call, (10 CCA 1958), 261 F.2d 130; Miles v. Pennsylvania R. Co., (7 CCA 1946), 158 F.2d 336, 337; § 59–10–13.2, N.M.S.A.1953 Comp.

This court stated in Benson v. Export Equipment Corp., supra, that the aim of the pretrial conference is to simplify the issues to be tried, to eliminate delays resulting from reliance upon pure technicalities and generally to streamline and simplify procedure so that the merits of the case may be reached and the issues determined without lengthy or costly preparation for a trial on the merits, when trial might never be necessary. Wherever possible, admissions of fact and of the authenticity of documents are to be obtained; the number· of expert witnesses set; and such other matters done as may aid in the disposition of the action.

Rules 16 and 56 were both adopted with the aim of allowing:

"* * * trial courts to bring litigation to an end at an early stage when it clearly appeared that one of the parties was entitled to a judgment in the case as made out by the pleadings and the admissions of the parties. They are not intended to substitute a new method of trial when an issue of fact exists.

Kasco Mills v. Ferebee, supra [197 Va. 589, 90 S.E.2d 670]; Irving Trust Co. v. United States, (2 CCA 1955), 221 F.2d 303, cert. denied 350 U.S. 828, 76 S.Ct. 59, 100 L.Ed. 740; Lynn v. Smith, supra.

Numerous cases have held that a pretrial order may pass judgment upon the legal sufficiency of a defense. American Machine & Metals v. De Bothezat Impeller Co., D.C., 82 F.Supp. 556 and cases cited therein; Clay v. Callaway, (5 CCA 1949), 177 F.2d 741, 13 F.R.Serv. 16.28. A closer examination of these cases, however, indicates that this power of the pretrial judge to determine legal questions is often qualified by the requirement that the matter be fully argued. Clay v. Callaway, 5 Cir., 178 F.2d 758, modifying Clay v. Callaway, supra; Sheild v. Welch, 4 N.J. 563, 73 A.2d 536, 537; Ferguson v. Hurford, 132 Colo. 507, 290 P.2d 229; Newman v. Granger, D.C., 141 F.Supp. 37; Klein v. Belle Alkali Co., 4 Cir., 229 F.2d 658, 662; and that all evi-

dence be presented, Mitchell v. Couch, (Ky. 1955), 285 S.W.2d 901, 906. In many cases there had been presented earlier a motion for summary judgment. Murphy v. Kelly, 28 N.J.Super. 266, 100 A.2d 558, 559. See also 22 A.L.R.2d 599, 609, "Pretrial Conference—Effect of Order."

No cases have been cited to us on the narrow point of the trial court's granting summary judgment *sua sponte* under the circumstances of the instant case, and we have been able to find few directly in point. Florida appears to be the only jurisdiction allowing such procedure, and it does so with caution and under slightly different circumstances. Roberts v. Braynon, (Fla. 1956), 90 So.2d 623, 626, 627, ably discusses the risks involved. As it points out, in Florida a pretrial hearing is held only after the parties have had full opportunity to utilize discovery procedures and are fully informed on all aspects of the case. Florida Rules of Civil Procedure, Rule 1.16, 30 F.S.A., provides, unlike our rule, that the pretrial conference is to be called only "after all issues are settled." In the Roberts case the judge, for the first time, construed this rule with the summary judgment rule, and in harmonizing the two held that, if less than ten days' notice of the pretrial conference has been given, counsel should upon request be permitted a reasonable opportunity to make a showing that a genuine issue of material fact remains before summary judgment is entered by the trial court of its own motion. It cautioned counsel that:

"* * * When noticed for a pretrial conference, counsel should recognize and prepare for the possibility that at the conference the issues of fact may be simplified to the point of elimination, whereupon the court, confronted with a pure matter of law, may resolve it by summary judgment as we have indicated above. But any summary judgment, whether made on the court's own motion or on motion of a party, is 'swift and dispositive' and requires the same notice and preparation. * * *"

See also Bess v. 17545 Collins Avenue, Inc., (Fla.1957), 98 So.2d 490, 491; Raphael v. Koretzky, (Fla.App.1958), 102 So. 2d 746. The Raphael case may be distinguished by the fact that the complaint failed to state a claim upon which relief could be granted; therefore, without amendment, plaintiff could in no event recover.

The only other case closely in point is Syracuse Broadcasting Corporation v. Newhouse, (2 CCA 1959), 271 F.2d 910, 914, which states:

"In dismissing the action the district court relied upon Rules 16 and 41(b), 28 U.S.C.A. Rule 16 appears to have been invoked on the theory that dismissal at the pre-trial stage is proper where it clearly appears that plaintiffs

will be unable to prove the allegations of its complaint. We hold, however, that Rule 16 confers no special power of dismissal not otherwise contained in the rules. * * * "

The court went on to say that it was evident that dismissal had not been made under Rules 12(b) or (c), under Rule 56, or under Rule 41(b). The prejudice to appellant is apparent. Had dismissal been made under Rules 12(b) (6), 12(c), or 12(f), whatever the facts might have been, for the purpose of deciding whether the complaint should have been dismissed, the court would have assumed that all factual assertions well pleaded were true. United States v. Certain Parcels of Land, D.C., 141 F.Supp. 300; Methodist Federation for Social Action v. Eastland, D.C., 141 F.Supp. 729; United States v. Public Utilities Commission of California, D.C., 141 F.Supp. 168. Had dismissal been under Rule 12, appellant could have moved to amend the pleadings. Rule 6(d) which sets out the time limits for motions is also pertinent. Adherence to the requirements of these rules and of those of Rule 56 would appear to be the better practice.

In the view we take of this case, the trial court erroneously decided issues of material fact. Therefore, we do not state whether strict adherence to the procedural steps set forth in the rules cited supra will be required in all cases. Suffice it to say

that such adherence will better promote the fair and orderly interest of justice. Mitchell v. Public Service Coordinated Transport, (D.C.D.N.J.1952), 13 F.R.D. 96. Furthermore, we hold that the summary judgment procedure is now appropriate, under proper circumstances, to all workmen's compensation cases filed on or after July 1, 1959, the effective date of § 59–10–13.9, N.M.S.A.1953 Comp. This section abro·gated the rule that summary judgment procedure does not apply to compensation cases, which was set out by this court in the recent case of Armijo v. United States Casualty Company, 67 N.M. 470, 357 P.2d 57, 58. See also Art. IV, § 34, Constitution of New Mexico. Suit in the instant case was filed, insofar as the record shows, after July 1, 1959. This court, in Armijo v. United States Casualty Company, supra, under a similar factual situation, stated:

"The authorities are well nigh unanimous that whether a claim for compensation was timely filed or whether good cause exists for the delay in filing are ordinarily questions of fact, and may become questions of law only where the facts are not in dispute. * * * "

Appellant's verified complaint alleged:

"That at all times material hereto the defendants had actual knowledge and notice of the said accident and the compensable injury. * * * "

Appellees put the question of knowledge and notice squarely at issue in their answer by stating:

> "Defendants state that they had no notice or knowledge of an accidental injury to plaintiff within the meaning and terms of the Workmen's Compensation Act of the State of New Mexico, as required by said Act, by reason of which this action cannot be maintained."

Under point II appellant contends that nowhere in his deposition did he admit or show that appellee, Noack, did not have actual knowledge of the occurrence of the injury of November, 1957. Appellee agrees that the court cannot decide disputed material issues of fact at a pretrial conference but asserts that the deposition of appellant-plaintiff constitutes an admission of all material facts, barring recovery. Anderson-Prichard Oil Corp. v. Parker, (10 CCA 1957), 245 F.2d 831, and 169 A.L.R. 798 cited therein. Appellee did not, however, point to any specific admissions.

It is true that appellant, when asked if he had filled out an accident report or anything of that nature, replied "no." However, when asked when he first told Mr. Noack, his employer, of the November, 1957, incident, he replied, "The next day. He was absent for some reason the day that it happened." There are, however, indications that the employer might have had actual knowledge of the accident, from the passages in the deposition in which appellant quoted Mr. Noack as assuring appellant that he was "protected by insurance." In no way can appellant's deposition be support for the claim that he admitted that he gave no notice of any kind, verbal or written, nor could he possibly be in a position to state that the employer had no knowledge, even had he done so, since this fact, as stated in Anderson-Prichard Oil Corp. v. Parker, supra, is not peculiarly within his knowledge, but was of such nature that he could be mistaken, and is no more conclusive than the testimony of any other witness. This is true, too, of his conclusion that J. C. Noack, the employer's son, was not his employer or foreman. In any event, § 59–10–13.4(B), N.M. S.A.1953 Comp., while providing for written notice, also provides that it is not required to be given where the:

> "* * * employer or any superintendent or foreman or other agent in charge of the work in connection with which the accident occurred had actual knowledge of its occurrence."

This court, in interpreting the words of the statute, "actual knowledge," has never held that this "actual knowledge" may be obtained only through a personal witnessing of the accident. We have held that notice in casual conversation is insufficient. Ogletree v. Jones, 44 N.M. 567, 570, 106 P.2d

302. We further stated in Sanchez v. Bernalillo County, 57 N.M. 217, 257 P.2d 909, that this means more than just putting upon inquiry and involves more than knowledge of the mere happening of an accident. See also Yardman v. Cooper, 65 N.M. 450, 339 P.2d 473, in which the claimant did not mention the particulars of the injury or where or how or when it happened, even verbally, to his employer, until some nineteen months after the injury, at which time he merely stated in substance that:

"* * * work had caught up with him, or that work had finally got him, that he had hurt his back, but he did not say how * * * or when * * * or any particulars with reference thereto. * * *"

As stated in Elsea v. Broome Furniture Co., 47 N.M. 356, 366, 143 P.2d 572, 578, the employer in the instant case may well have had:

"* * * as much knowledge concerning plaintiff's injuries, the surrounding circumstances and occurrences and the extent of such injuries as could have been reasonably required and as much as could have been conveyed to it at any time pertinent, by any written notice. * * *"

From the record as considered by the trial court, one can only speculate; therefore, the trial court's conclusion:

"That no action can be maintained because of the alleged injury of November, 1957, because of lack of knowledge and failure to give notice within the time provided by law; * * *."

is clearly erroneous.

In view of the foregoing error, we need not discuss the issue of latent injury except to note that diverse inferences may be drawn from the deposition insofar as the latency of the injury is concerned. Appellant is entitled to have these inferences drawn by the jury. Armijo v. United States Casualty Company, supra.

In view of the factual issues to be resolved, i. e., issues of knowledge, notice, latent injury, and the date compensation was due, we hold that the trial court fell into error in granting summary judgment. We therefore need not consider appellant's third point nor the counter-point raised by appellees.

The judgment will be reversed and the cause remanded with direction that the summary judgment heretofore entered be set aside, and that the cause proceed in a manner consistent with the views herein expressed.

It is so ordered.

MOISE and NOBLE, JJ., concur.

COMPTON, C. J., and CARMODY, J., not participating.