Clarence PIFCHO, Jr.

v.

Sheriff Edward BREWER.

Civ. No. 75-1352.

United States District Court,
M. D. Pennsylvania.

June 15, 1977.

Clarence Pifcho pro se.

James E. Davis, Tunkhannock, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff, presently confined at the State Correctional Institution in Dallas, Pa., brought this action *pro se* regarding the conditions of confinement while plaintiff was a pretrial detainee at Wyoming County Prison. Of the four defendants originally named in this action, only the prison Warden remains. The motion to dismiss was denied this defendant on the ground that the cumulative effect of conditions as alleged could constitute cruel and unusual punishment.[1] As stated at that time,

---

1. In a subsequent decision the Third Circuit has ruled that the Eighth Amendment does not protect pretrial detainees. *See Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077 (3d Cir. 1976). However, the court went on to state that the substantive protections of the Eighth Amendment apply to pretrial detainees through the due process clause of the Fourteenth Amendment.

"[t]he Court cannot and will not ignore these allegations, especially on a motion to dismiss, where taking as true all the allegations and drawing the inferences most favorable to plaintiff, it must appear that he is entitled to no relief. *Gray v. Creamer*, 465 F.2d 179 (3d Cir. 1972)." Memorandum of March 26, 1976. *See also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In addition, defendant was denied summary judgment when plaintiff submitted a sworn affidavit repeating the general allegations of the complaint, as summarized in the Court's March 26th Memorandum.[2] *See* Affidavit of Plaintiff filed May 18, 1976. In order to facilitate disposition of this matter and another case involving conditions at Wyoming County Prison that existed during approximately the same period of time,[3] a consolidated pretrial conference was held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

Rule 16 permits the holding of pretrial conferences to consider, *inter alia*, simplification of the issues, the possibility of obtaining admissions of fact which will avoid unnecessary proof, and "[s]uch other matters as may aid in the disposition of the action." Plaintiff is, of course, *pro se*, and any use of the pretrial conference must accommodate that reality. Fortunately, Rule 16 is intended as a flexible device to be adapted to the problems of the particular case. *See* 6 C. Wright & A. Miller, Federal Practice & Procedure, *Civil* § 1521, at 565–66 (1971). The pretrial conference is never to be used as a substitute for trial: the Court is not empowered to resolve disputed issues of fact and render a decision after presentation of the issues. Nevertheless, just as the Court may render judgment on immaterial issues and issues for which there is no dispute of material fact, "judgment may be ordered . . . if there is no triable issue left at the end of the discussion." *Id.* § 1525, at 592–93. *See Newman*

*v. Granger*, 141 F.Supp. 37, 39 (W.D.Pa. 1956), *aff'd per curiam*, 239 F.2d 384 (3d Cir. 1957) (agreement on all necessary and relevant facts permits decision on the merits). *See also Matlack, Inc. v. Hupp Corp.*, 57 F.R.D. 151, 160 (E.D.Pa.1972). *Cf. Joiner Systems, Inc. v. AVM Corp., Inc.*, 517 F.2d 45, 47–48 (3d Cir. 1975).

After consideration of the specific details of plaintiff's complaint, as refined by open discussion at the pretrial conference,[4] I have determined that none of the matters plaintiff would seek to prove at trial would constitute a constitutional deprivation. While a court may be reluctant to grant a motion for summary judgment in a *pro se* prisoner action where the prisoner's affidavit, liberally construed, may indicate a factual issue, such is not the case where the court has the opportunity at a pretrial conference to delve more deeply into the allegations and "separate the wheat from the chaff." Were a trial held, and plaintiff introduced uncontradicted evidence in support of his statements and allegations regarding the conditions of confinement at Wyoming County Prison (some of which are presently being disputed by defendant), I would direct a verdict for defendant. *See* Fed.R.Civ.P. 50(b). Plaintiff was given ample opportunity at the pretrial conference to present the facts he seeks to prove at trial. And as will be discussed more fully *infra*, plaintiff will be given the opportunity to object to the contents of this memorandum by correcting misunderstood facts or by indicating different facts which, if supported by evidence, would warrant determination by jury. As the facts he seeks to prove are presently understood, however, I see no reason for going through the exercise and expense of selecting a jury, with resultant inconvenience to its members, and for having plaintiff's case presented, only to be required, by the law applicable to the cruel and unusual punishment clause of the

---

2. The allegations are discussed in greater detail *infra*.

3. *See Fassett v. Brewer*, Civil No. 75–1604 (M.D.Pa. filed Dec. 31, 1976).

4. The court stenographer was present at the pretrial conference and recorded the discussion.

Eighth Amendment, to direct a verdict for defendant and dismiss the jury. Rather than undertaking such pointless exercises in the face of a heavy caseload generally and a great number of prisoner cases in particular, the Court's time would be better spent by utilizing the deliberately flexible device of the pretrial conference to facilitate settlements of serious prisoner cases, to consider applications for preliminary relief, and, as is the case here, to discern cases that fail as a matter of law to implicate constitutional rights.

■ At the pretrial conference, plaintiff identified the following specific conditions which existed at the Wyoming County Prison during the period of his incarceration: (1) no heat; (2) no recreational facilities; (3) failure to provide three well-balanced meals daily; (4) no clothing issued; (5) prisoners were required to wash their eating utensils in a sink which was also used for doing laundry; (6) windows in the cells had no glass panes; (7) no recreational library or reading materials; (8) insane inmates housed with the general population; (9) no clean bedding; and (10) overall dirty and unsanitary conditions. Although plaintiff had raised several other claims regarding lack of religious services, medical care, and legal materials in his complaint, these claims were not mentioned at the pretrial conference. In determining whether conduct or conditions such as those complained of here violate the Eighth Amendment, the basic test is whether the conduct is of such a character as to violate fundamental fairness or as to shock the conscience as measured by evolving standards of contemporary society. *Trop v. Dulles*, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958); *Howell v. Cataldi*, 464 F.2d 272 (3d Cir. 1972); *Padgett v. Stein*, 406 F.Supp. 287 (M.D.Pa. 1975). When no single condition at a prison would constitute cruel and unusual punishment, several courts have concluded that inmates have nevertheless suffered cruel and unusual punishment as a result of exposure to the *cumulative effect* of prison conditions. *See, e. g., Holt v. Sarver*, 442 F.2d 304, (8th Cir. 1971); *Brenneman v. Madigan*, 343 F.Supp. 128 (N.D.Calif.1972); *Jones v. Wittenberg*, 330 F.Supp. 707, aff'd *sub nom. Jones v. Metzger*, 456 F.2d 854 (6th Cir. 1972).

After consideration of the pleadings and the discussion at the pretrial conference, I have determined that plaintiff's allegations regarding the cumulative effect of conditions at Wyoming County Prison are not "shocking to the conscience" and do not violate basic standards of decency. Although the prison conditions as alleged by plaintiff in his complaint seemed rather harsh, these allegations were modified and clarified considerably during the course of the pretrial conference. These admissions and concessions cast this matter in a vastly different light as will be demonstrated by the comments that follow. For example, although there was no heat supplied during plaintiff's confinement, it is undisputed that he was held at the County Prison during the summer months. Inmates were required to *rinse* their eating utensils themselves, but the utensils were then given to the cook to be washed.[5] The Wyoming County Prison has no recreational library, but the prison officials supply magazines and inmates are allowed to receive reading material from their families. While inmates cannot get outdoor exercise during inclement weather, there are indoor recreational facilities. Inmates are allowed to shower daily and have adequate visitation privileges. Plaintiff has not alleged that inmates are mistreated by the correctional staff. Plaintiff has not alleged such egregious conditions as those which have been found to exist in those cases previously cited, in which the courts found that the overall effect of confinement subjected the inmates to cruel and unusual punishment. Even if plaintiff were to offer evidence at trial in support of his case, I would rule as a matter of law that the conditions at Wyoming County Prison did not violate the Eighth Amendment prohibition against cruel and unusual punishment.

---

5. During one 24-hour period, plaintiff did not receive any meals as a result of his refusal to rinse his dishes. He agreed to do so the next day, however, and the dispute ended.

Since neither party participated in the formulation of this pretrial order, *see* 6 C. Wright & A. Miller, Federal Practice & Procedure, *Civil* § 1526, 595–96 (1971), and especially because plaintiff is *pro se, cf. Rotolo v. Charleroi*, 532 F.2d 920 (3d Cir. 1976), the parties will be given an opportunity to object to the contents of this Memorandum. If plaintiff has additional facts which were not stated by him during pretrial or has corrections to the Court's understanding of the facts, these objections must be filed with the Court. Otherwise, judgment will be entered for the defendant, *see* Fed.R.Civ.P. 16, and plaintiff will be barred from raising such matters on appeal. *See* Wright & Miller, at 598. Any new factual assertions must be made under oath or with an accompanying statement that they are made under penalty of perjury. The Court will grant the parties twenty (20) days from the date of this Order to file objections and affidavits if they so desire.