**Archie L. MILLER, Plaintiff,**

v.

**GIGLIO DISTRIBUTING CO., INC., and Charles Giglio, Defendants.**

**No. 1:94cv763.**

United States District Court, E.D. Texas, Beaumont Division.

Sept. 29, 1995.

Sid Stover, Jasper, TX, for plaintiff.

Robert Michael Moore, Houston, TX, Scott Robert McLaughlin, Houston, TX, for defendants.

## AMENDED MEMORANDUM OPINION

### ON MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT CHARLES GIGLIO

HEARTFIELD, District Judge.

Plaintiff, Archie R. Miller, has filed suit against defendants, Giglio Distributing Company, Inc., and Charles Giglio, under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* [hereinafter ADA], and the Texas Commission on Human Rights Act, Tex.Lab.Code § 21.051 (West 1995) [hereinafter Human Rights Act]. Defendants have filed a motion for summary judgment. The court will grant it "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the [defendants are] entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Miller, the nonmoving party, has described Charles Giglio as an "agent" of Giglio Distributing Company, Inc. Plaintiff's Complaint at 3.[1] The ADA's definition of "employer," however, fails to cover individuals working in this capacity. *U.S. Equal Employment Opportunity Commission v. AIC Security Investigations,* 55 F.3d 1276, 1279–82 (7th Cir.1995); *cf. Grant v. Lone Star Company,* 21 F.3d 649 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994) (explaining the meaning of "employer" under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*). This feature of the federal statute, moreover, dictates the conclusion that Charles Giglio also falls outside of the Human Rights Act's conception of "employer." *See* Tex.Lab.Code Ann. § 21.001 (West 1995) (identifying the following as one of Human Rights Act's purposes: "[T]o provide for the execution of the policies embodied in Title I of the [ADA] and its subsequent amendments." (citation omitted)); *Daniels v. Allied Electric Contractors, Inc.,* 847 F.Supp. 514, 517 (E.D.Tex.1994) (indicating that the ADA guides interpretation of disability discrimination claims filed under the Human Rights Act); *see also Thompson v. City of Arlington, Texas,* 838 F.Supp. 1137, 1153 (N.D.Tex.1993) (stating that the Human Rights Act "is to correlate state law with federal law"); *cf. City of Austin v. Gifford,* 824 S.W.2d 735, 742 & n. 6 (Tex.Ct.App.1992) (interpretation of predecessor statute) (Human Rights Act creates no cause of action against individual public employees). *Compare* 42 U.S.C. § 12111(5)(A) (ADA's definition of "employer") *with* Tex.Lab.Code Ann. § 21.002(6)(A)–(B) (West 1995) (Human Rights Act's definition of "employer"). The

---

1. "The court is required to view the pleadings in their entirety when passing on a motion for summary judgment." 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2722 (2d ed. 1983) (citing *Ratner v. Young,* 465 F.Supp. 386, 389 (D.V.I.1979) and other cases). It also notes that the parties have stipulated to this fact in the joint final pretrial order. *See* Joint Final Pre–Trial Order at 4 (Stipulations and Uncontested Facts). *See generally* Wright, Miller & Kane, *supra* § 2724 ("... it has been held that in passing on a Rule 56 motion [a] court may rely on ... an order made at a pretrial hearing under Rule 16 ...") ("Stipulations entered into by counsel will be considered as admissions under Rule 56....").

**320**

court, therefore, GRANTS summary judgment to defendant Charles Giglio on both causes of action.