**Gerald D. FISH, Plaintiff,**

v.

**Ronald R. RISTVEDT, Roger A. Hagen, and H & R Transfer, Inc.[1] Defendants.**

**No. CIV.A3–01–32.**

United States District Court, D. North Dakota, Southeastern Division.

March 19, 2002.

---

1. Although H & R Transfer, Inc. has not been formally named as a defendant, Magistrate Judge Karen K. Klein has allowed plaintiff to include it as a defendant pursuant to her order granting in part plaintiff's motion to amend his complaint (doc. # 57). Plaintiff has not yet filed an amended complaint pursuant to Judge Klein's order. The Court is of the view that the allowed amendment does not affect this motion. Defendants have addressed their summary judgment motion as if plaintiff had brought suit against H & R Transfer, Inc. Accordingly, in the interests of justice and expediency, the Court will address the motions before it as if the amended complaint had been filed.

Gerald D. Fish, Audubon, MN, pro se.

Richard Henderson, Nilles, Hansen & Davies, Ltd., Moorhead, MN, for defendants.

### MEMORANDUM AND ORDER

WEBB, Chief Judge.

### I. Introduction

Plaintiff, a pro se litigant, brought this action for disability discrimination under several civil rights statutes. Magistrate Judge Karen K. Klein has since allowed plaintiff to add a claim for discrimination under the North Dakota Human Rights Act and to include H & R Transfer, Inc. as a defendant. Presently before the Court are cross-motions for summary judgment and plaintiff's petition for a writ of mandamus. Upon consideration of these motions and the entire record, the Court **GRANTS** defendants' motion for summary judgment (doc. # 7), **DENIES** plaintiff's motion for summary judgment (doc. # 17), and **DE-NIES** plaintiff's petition for writ of mandamus (doc. # 36).[2]

### II. Background

Plaintiff Gerald D. Fish, a truck driver formerly employed by H & R Transfer,

**2.** Although the Court grants defendants' motion for summary judgment in its entirety, the case will proceed because a subsequent amendment allows an additional claim under the North Dakota Human Rights Act. This additional claim is not disposed of by this order.

Inc., initiated this pro se lawsuit, alleging discrimination on the basis of a disability in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Fair Labor Standards Act of 1939 ("FLSA"), 29 U.S.C. § 201 et seq.; the Civil Rights Act of 1991, and, by amendment, the North Dakota Human Rights Act, ch. 14–02.4–01 et seq. of the North Dakota Century Code.

Defendants deny Fish's allegations, claiming he was terminated for poor performance. Defendants do not, however, delve deeply into the merits, contending H & R Transfer, Inc. does not employ 15 or more employees as required for liability under the ADA. Moreover, the defendants contend that Ronald R. Ristvedt and Roger A. Hagen may not be individually liable under the ADA. For these reasons, defendants seek summary dismissal of plaintiff's claims. Plaintiff also seeks summary judgment.

### III. Summary judgment standard

Summary judgment is appropriate when "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). A "material" fact is one which might affect the outcome of the case, and a "genuine" dispute exists if a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Because the burden of proof at trial will rest on the nonmoving party, the moving party must show that the nonmoving party's evidence is "insufficient to establish an essential element" of plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Court agrees with defendants' characterization of plaintiff's pleadings; they are indeed "far from clear." Nonetheless, the Court must liberally construe the alle-

gations of a pro se complaint. *Edgington v. Missouri Dep't of Corrections*, 52 F.3d 777, 779 (8th Cir.1995). The Court has made every effort to do so in this case. However, even a pro se plaintiff must allege specific facts to survive dismissal and summary judgment; broad and conclusory allegations warrant dismissal. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### IV. Analysis

The Court is uncertain of the specific claims advanced by plaintiff. The plaintiff does, however, indicate several statutes under which his cause of action arises in the "Nature of Action" portion of his complaint. The Court will use this section as a starting point in analyzing plaintiff's claims.

### A. *ADA claims and Title VII claims*

Plaintiff alleges that this cause of action arises under "Title I, Title VII of the Americans with Disabilities Act ('ADA') of 1990." The ADA does not contain a Title VII. See Pub.L. No. 101–336, 104 Stat. 327 (codified as amended at 42 U.S.C. § 12101, et seq.). The Court assumes that plaintiff intends to assert a claim pursuant to Title VII of the Civil Rights Act. However, Title VII does not proscribe disability discrimination. See 42 U.S.C. § 2000e, et seq. (prohibiting discrimination on the basis of race, color, religion, sex, or national origin). The Title VII claims, to the extent that plaintiff asserts such claims, are dismissed. The merits of the Title I ADA claim and all other asserted ADA claims will be discussed in further detail below.

### B. *Title I of the Civil Rights Act of 1991*

Plaintiff does not clearly indicate the provision of this Act to which he refers, but the Court assumes that he intends to

invoke 42 U.S.C. § 12112, a provision within the ADA. To the extent that he does not, any other claims under this Act are properly dismissed as too vague.

### C. Title II of the Civil Rights Act of 1964

This provision of the Civil Rights Act prohibits discrimination on the basis of race, color, religion, or national origin in places of public accommodation. See 42 U.S.C. § 2000a. Since plaintiff alleges neither that he is a member of a protected class, nor that he was discriminated against in a place of public accommodation, this claim must fail.

### D. Section 107 of the Civil Rights Act of 1991

This section is entitled "Clarifying Prohibition Against Impermissible Consideration of Race, Color, Religion, Sex, or National Origin in Employment Practices." Again, plaintiff does not allege that he is a member of any of these enumerated classes. This claim is denied.

### E. Rule 65 of the Federal Rules of Civil Procedure

Rule 65 sets forth the mechanics of obtaining temporary restraining orders, preliminary injunctions, and injunctions. Plaintiff does not specifically state that he is seeking such a remedy. This remedy is denied.

### F. Fair Labor Standards Act

Plaintiff has attempted to plead a cause of action under the FLSA, 29 U.S.C. § 201 et seq. The FLSA governs violations of minimum wage and overtime compensation, prohibits gender-based discrimination in the payment of wages, and imposes various record-keeping requirements on employers that fall within the FLSA's coverage. Id. The FLSA also prohibits employers from retaliating against employees who complain about violations of the Act.

29 U.S.C. § 215(a)(3). Plaintiff apparently contends that defendants violated this provision of the FLSA. However, plaintiff fails to plead any factual allegations entitling him to relief under this provision. Although plaintiff hints that he was not properly paid (Compl.¶ 29), he does not allege that this is the basis of his termination. Rather, his argument seems to be that defendants terminated him on the basis of his alleged disability. Plaintiff's complaint fails to state a claim under the FLSA, and dismissal is therefore proper.

### G. ADA claims

The crux of plaintiff's complaint alleges that defendants violated the ADA by refusing to accommodate his alleged disability, by creating a hostile work environment on the basis of his alleged disability, and by ultimately discharging him because of his disability. Defendants contend that they are not subject to the provisions of the ADA, arguing that: (1) Ristvedt and Hagen may not be individually liable under the ADA; and (2) H & R Transfer, Inc. employs fewer than 15 employees and thus may not be considered an employer for ADA purposes. The Court agrees with defendants, as explained below.

#### 1. Individual liability under the ADA

Title I of the ADA prohibits employers from discriminating against any qualified individual with a disability on the basis of that disability. 42 U.S.C. §§ 12101, 12111. An employer is defined as "a person engaged in an industry affecting commerce who has 15 or more employees ... and any agent of such person." 42 U.S.C. § 12111(5)(A).

The ADA's definition of employer mirrors that of Title VII, 42 U.S.C. § 2000e(b). Courts often look to Title VII for guidance in interpreting similar terms

under the ADA, and all circuits that have addressed this issue have relied on Title VII precedent in finding that the ADA definition of "employer" excludes individuals. See *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir.1999); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *U.S. EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1280–82 (7th Cir.1995); *see also Lund v. J.C. Penney Outlet*, 911 F.Supp. 442 (D.Nev.1996); *Miller v. Giglio Distrib. Co., Inc.*, 899 F.Supp. 318 (E.D.Tex.1995); *Pacourek v. Inland Steel Co.*, 858 F.Supp. 1393 (N.D.Ill.1994).

 The Eighth Circuit has not squarely addressed the issue of whether individuals may be liable under Title I of the ADA. If given the chance to resolve this open question, the Court is confident that the circuit would determine that individual capacity suits may not be brought under Title I of the ADA. This conclusion is based on two decisions handed down by the Eighth Circuit. First, in *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691–92 (8th Cir.1997), the court held that supervisors may not be individually liable under Title VII. Second, in *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir.1999), the court held that government officials could not be sued in their individual capacities under the provisions of Title II of the ADA. In so doing, the court relied on the decision of other circuits that have proscribed individual liability under Title I. *Id.* These cases clearly indicate to the Court that the Eighth Circuit would preclude individual liability under Title I of the ADA. Accordingly, plaintiff's ADA claims against Ronald R. Ristvedt and Roger A. Hagen in their individual capacities are hereby **DISMISSED**.

 The North Dakota Human Rights Act ("NDHRA"), N.D. Cent.Code ch. 14–02.4–01, is likewise limited to "employees" and "employers" and contains definitions similar to the ADA. As pointed out by the Eighth Circuit, "in construing the [North Dakota Human Rights Act], the Supreme Court of North Dakota generally follows federal court decisions under analogous federal anti-discrimination statutes." *Birchem v. Knights of Columbus*, 116 F.3d 310, 314 (8th Cir.1997) (citing *Schuhmacher v. North Dakota Hosp. Ass'n*, 528 N.W.2d 374 (N.D.1995); *Moses v. Burleigh County*, 438 N.W.2d 186 (N.D.1989)). As explained above, in the Title VII and the ADA contexts, courts generally do not impose individual liability. Moreover, this court is unable to locate any authority to suggest that the NDHRA would apply to individuals when the ADA does not. For these reasons, plaintiff's NDHRA claims against Ronald R. Ristvedt and Roger A. Hagen in their individual capacities are hereby **DISMISSED**.

### 2. *Number of employees*

 In order for an employer to be liable under the ADA it must have "15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A). In support of his argument that this threshold requirement is met, plaintiff supplies the Court with a North Dakota Department of Labor ("NDDOL") Determination which, in its jurisdictional section, indicates that H & R Transfer, Inc. has 15 or more employees. This decision was signed by Wayne Wenstrom, the director of the EEO division of the NDDOL. Wenstrom has since admitted that this statement was in error; however, because the NDDOL determined that plaintiff's claim failed on the merits, Wenstrom decided not to amend the original decision (Wenstrom Aff. ¶¶ 6, 7). Defendants have submitted documentation from H & R Transfer, Inc. that indicates that at no relevant time period did it have

the requisite number of employees, and, further plaintiff has not submitted any facts to show that H & R Transfer, Inc. employed the threshold number of employees. Thus, the Court concludes as a matter of law that H & R Transfer, alone, does not qualify as an employer under ADA.

Plaintiff asserts that even if H & R Transfer, Inc. did not have the requisite number of employees during the relevant time period, it is subject to the pertinent provisions of ADA because H & R Transfer and Fargo Freightliner constitute an "integrated enterprise." Under this theory, the Court is allowed to aggregate the number of employees which comprise the enterprise in order to meet the numerosity requirement of the ADA.[3] *See Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 994 (6th Cir.1997). In determining whether to treat two entities as a single employer, courts examine the following four factors: "(1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control." *Artis*, 161 F.3d at 1184 (citation omitted). No one factor is dispositive, and all four factors need not be met. *Id.* Courts, however, generally consider control over labor relations to be the primary concern. *See, e.g., Swallows*, 128 F.3d at 994. In addition, "[p]laintiff must make a substantial showing to warrant a finding of single employer status." *Hunter v. Ark Restaurants Corp.*, 3 F.Supp.2d 9, 18 (D.D.C.1998); *accord Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1070 (10th Cir.

1998); *Armbruster v. Quinn*, 711 F.2d 1332, 1337 (6th Cir.1983).

■ Considering the four factors in this case, the Court concludes that plaintiff has not met his burden of demonstrating that H & R Transfer and Fargo Freightliner constitute a single enterprise. Plaintiff's basis for this theory is: (1) Ristvedt and Hagen are owners of H & R Transfer and, at the same time, are employed by Fargo Freightliner; and (2) both companies have the same address.

The Court will address each of plaintiff's facts in turn. First, common ownership, by itself, is never enough to establish an integrated enterprise. *See, e.g., United Tel. Workers v. NLRB*, 571 F.2d 665, 667 (D.C.Cir.), *cert. denied*, 439 U.S. 827, 99 S.Ct. 101, 58 L.Ed.2d 121, (1978) (applying the integrated enterprise factors in a National Labor Relations Act dispute and finding that "common ownership is not determinative where common control is not shown").

Second, having common offices is merely one consideration under the first integrated enterprise factor, interrelation of operations. *Swallows*, 128 F.3d at 994. The Court must also consider whether the two entities have common record keeping or shared bank accounts and equipment to determine whether the operations are interrelated. Here, the affidavits seem to indicate that the daily operations of the two companies are independent from each other, and H & R Transfer's management is separate from Fargo Freightliner's. The affidavits also reveal that the compa-

**3.** Although the Eighth Circuit has not specifically adopted the "integrated enterprise" test as the test to be used in ADA cases, it is the test used by the other circuits that have addressed the issue. *See, e.g., Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 994 (6th Cir.1997); *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1241 (2d Cir.

1995); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir.1993). It is also the test used by the Eighth Circuit in the Title VII context. See *Artis v. Francis Howell North Band Booster Ass'n*, 161 F.3d 1178, 1184 (8th Cir.1998). Accordingly, the Court finds that it is the proper test in the ADA context.

nies do not share bank accounts or equipment. H & R Transfer, Inc. has its own bookkeeping and payroll systems. Thus, while common office space weighs in favor of an interrelated operation, looking at all of the considerations indicates that the operations of the two companies are not sufficiently interrelated.

Moreover, plaintiff was hired and fired by H & R Transfer, Inc., and the affidavits indicate that Fargo Freightliner played no role in these employment decisions. These facts, alone, weigh heavily in favor of the Court's conclusion that the two entities should not be treated as one. *See Swallows*, 128 F.3d at 995 (quoting *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir.1983) (stating that "[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination" is of paramount importance)).

Given that defendant's affidavits clearly establish H & R Transfer's financial and administrative independence from Fargo Freightliner and given that H & R Transfer exercised full control over its decision to hire and fire plaintiff, the Court holds that the employees of H & R Transfer and Fargo Freightliner cannot be integrated to meet the 15–employee threshold. Consequently, defendants' motion for summary judgment on the ADA claims must be, and hereby is, **GRANTED.**[4]

**H.** *North Dakota Human Rights Act claim*

■ The plaintiff has not yet amended his complaint to assert a claim pursuant to the North Dakota Human Rights Act.

However, as explained in note 1, *supra,* the Court will proceed as if the amended complaint has been filed. Ordinarily, the Court would be inclined to dismiss this type of claim, since it is ancillary to the federal claims and diversity jurisdiction is not specifically alleged in the Complaint. See 28 U.S.C. § 1367(c)(3) (allowing a district court to decline to exercise supplemental jurisdiction over state law claims where the related federal claims are dismissed). While a plaintiff must generally make an affirmative allegation of the essential elements of diversity jurisdiction, *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir.1998), this requirement is relaxed with pro se plaintiffs. *Sanders v. United States*, 760 F.2d 869, 870 (8th Cir.1985). As long as the pleadings set forth some facts alleging diversity jurisdiction, the Court will exercise jurisdiction over the claim. See *id.* Here, the plaintiff has alleged an amount in controversy in excess of $75,000, (Compl. at 10), and diversity (Plaintiff's Reply, doc. # 50 at 13–14). Thus, the claim will survive dismissal for lack of jurisdiction.

**. I.** *Writ of mandamus*

Finally, plaintiff seeks a writ of mandamus, apparently to coerce the United States Attorney to investigate and prosecute the alleged crimes that are detailed in plaintiff's brief in support of his motion. The law reserves this type of remedy for extraordinary circumstances. *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). Here, the decision not to investigate or prosecute is far from extraordinary, and such a deci-

---

4. Defendant also argues that H & R Transfer is the alter ego of Ristvedt and Hagen. Apparently, plaintiff seeks to pierce the corporate veil to impose individual liability on Ristvedt and Hagen. In order to succeed under this doctrine, the plaintiff must establish an abuse of corporate privilege, as would warrant piercing the corporate veil. That is, de-

fendant must establish that H & R Transfer was established "as a subterfuge to defeat public convenience, to justify wrong, or to perpetuate a fraud." *In re B.J. McAdams, Inc.*, 66 F.3d 931, 937 (8th Cir.1995). No such showing or allegation has been made by plaintiff, and his argument is rejected.

sion rests well within the discretion of the United States Attorney. Plaintiff's petition is **DENIED** (doc. # 36).[5]

### J. *Pretrial matters*

Under Rule 16 of the Federal Rules of Civil Procedure, a court has the discretion to order a pretrial conference. This conference may be used to simplify issues. Moreover, the Rule provides that this type of conference may be used to "expedit[e] the disposition of the action." Fed. R.Civ.P. 16(a)(1). In this regard, "Rule 16 is intended as a flexible device to be adapted to the problems of the particular case." *Pifcho v. Brewer*, 77 F.R.D. 356, 357 (D.C.Pa.1977).

Because the plaintiff in this case is pro se, particular problems are presented. Plaintiff has submitted an inordinate amount of motions that are confusing to defendants and to this Court. Such a problem could be remedied if plaintiff retained counsel, and the Court urges him to do so; nonetheless, plaintiff has a right to present his case. In order to facilitate this right and in order to conserve the resources of defendants, plaintiff, and this Court, the Court will schedule a pretrial conference. In this conference, the Court will ask that this matter be placed on an expedited trial schedule in exchange for limited discovery on the part of all parties. The pretrial conference will be set by this Court within 10 days of this Order at a date and time convenient to all parties.

### V. Conclusion

All of plaintiff's federal claims fail as a matter of law. Plaintiff's ADA claims fail because H & R Transfer, Inc. was not an employer within the purview of the "ADA", and Ristvedt and Hagen were not "employers" under either the ADA or the NDHRA. Accordingly, defendants Ristvedt and Hagen are hereby **DISMISSED** from this action. Defendants' motion for summary judgment is **GRANTED** (doc. # 7), plaintiff's motion for summary judgment is **DENIED** (doc. # 17), plaintiff's petition for writ of mandamus is **DENIED** (doc. # 36). Thus, plaintiff's sole remaining claim is for discrimination under the NDHRA. Plaintiff is **DIRECTED** to file his First Amended Complaint in accordance with Judge Klein's Order (doc. # 57) within five days from the date of this Order. Further, the plaintiff is **DIRECTED** to deliver a copy of his proposed Second Amended Complaint to the office of the Clerk of Court, Fargo, North Dakota, within five days from the date of this Order. Once the Court receives this copy, it may properly consider the merits of the Motion for the Second Amended Complaint. Finally, the Court will notify the parties of the date of the pretrial conference.

**IT IS SO ORDERED.**

---

5. The United States Attorney's motion to dismiss this petition is therefore MOOT (doc. # 47).